ERICKSON and another, Respondents, vs. PATTERSON, imp., Appellant.   [Consolidated action.]

*December 9, 1926—January 11, 1927.*

*Mechanics' liens: Claimants filing on same buildings but describing different forties: Amendment of liens to affect one forty-acre tract: Order denying petition of owner to vacate judgment: Discretion of court: Commencement of action of foreclosure of lien: Effect on rights of other claimants.*

1. Where two materialmen filed liens on different forty-acre tracts, which, as to the premises upon which the buildings were situated, overlapped, but did not otherwise coincide as to description, and the separate actions to foreclose the liens were consolidated, the amendment of liens so that both affected a single forty-acre tract and foreclosing both liens on that tract did not grant more relief than was demanded in the complaint. p. 631.

2. Where a foreclosure action is brought and the summons and complaint filed within the period allowed by sub. (2), sec. 289.06, Stats., the rights of all parties claiming mechanics' liens on the land are saved, since lien claimants are necessary parties and the statute contemplates only one action of foreclosure. p. 632.

3. An order denying a motion to vacate a judgment foreclosing mechanics' liens is one resting in the sound discretion of the trial court. p. 632.

APPEAL from a judgment and an order of the circuit court for Washburn county: W. R. FOLEY, Circuit Judge. *Affirmed.*

Foreclosure of mechanic's lien.   The defendant *Rosse R. Patterson* is the owner of lot 1, section 20, township 40

north, range 10 west, Washburn county, Wisconsin, containing more than forty acres of land. The plaintiff and the defendant *Springbrook Lumber Company* furnished certain materials to *Patterson* to be used and which were used in the erection of certain buildings situated upon the northeasterly corner of the premises. The plaintiff filed his claim for a lien upon the east forty acres of government lot 1; the defendant lumber company filed its claim for a lien upon lot 1, section 20. The plaintiff began this action to foreclose his lien and made the lumber company a defendant. The lumber company likewise began an action to foreclose its lien and made *Erickson* a defendant, but on the trial it was found that the action of the lumber company was begun subsequent to plaintiff's action, the two actions were consolidated, and the complaint of the lumber company in its action stood as its answer in this action. The defendant *Patterson* was in default and a judgment of foreclosure was entered.

The sixth finding of fact is as follows:

"That such claim for mechanic's lien [plaintiff's claim] was filed as a lien upon the east forty acres of lot 1, section 20, township 40, range 10 west, but whereas the *Springbrook Lumber Company* had filed its lien on the north forty acres of said government lot 1, and whereas the plaintiff and the defendant, *Springbrook Lumber Company,* have agreed upon the north forty acres of said government lot 1, the plaintiff's claim for lien is duly amended so as to cover the north forty acres of said government lot 1."

The amount due from *Patterson* to the plaintiff was found to be $2,082.90; the amount found due from the defendant *Patterson* to the lumber company was $5,641.41. Judgment of foreclosure was entered in the usual form. The defendant *Rosse R. Patterson* moved to vacate the judgment, which motion was denied. From the judgment and order the defendant *Rosse R. Patterson* appeals.

*W. T. Doar* of New Richmond, for the appellant.

For the respondent *Erickson* there was a brief by *Fuller & Lampson* of Cumberland, and oral argument by *F. L. Lampson*.

For the respondent *Springbrook Lumber Company* there was a brief by *Coe Brothers* of Barron, and oral argument by *Arthur E. Coe*.

ROSENBERRY, J.   Upon this appeal it is urged that the relief granted in the Erickson case exceeded the relief demanded in the complaint in that the plaintiff had judgment foreclosing his lien upon the north forty acres of government lot 1; second, that the action of the *Springbrook Lumber Company* was not begun within the time limited by statute.

I. Sec. 289.01, Stats., provides that the lien claimant shall have a lien upon the interest of the owner in and to the land upon which the improvement is situated, not exceeding forty acres.

Sec. 289.08 provides that the claim for a lien shall contain "a description of the property affected thereby," etc.

By sec. 289.09 it is provided that any person who has a subsequent lien or has filed a claim for a lien subsequent to the commencement of the action, or one who shall file a claim for lien after the commencement of the action, may become a party to the action of foreclosure.

Sec. 289.12 provides that the judgment in such action shall adjudge the amount due the plaintiff, or, in case several claims for liens are embraced in the action, the amount due to each claimant who is a party to the action; and by sec. 289.13 it is provided that from the proceeds of the sale the several claimants whose liens were established by the judgment shall be paid equally, and alike, without priority among themselves.

It is the clear intent and purpose of the statute that one action should be begun; that all persons having liens upon the property should become either parties plaintiff or defend-

ant thereto; that the rights of all parties should be adjudicated; and that all persons having a claim for work and labor done or materials furnished should be equally entitled, in proportion to the amount of their respective claims, to the proceeds of the sale. The land which may be sold in connection with the improvements into which the work, labor, and material were incorporated cannot exceed forty acres in extent. In this case one lien claimant described the north forty acres of lot 1 and the other described the east forty acres of lot 1. The buildings were upon lands covered by both descriptions. The subject matter of the action was the establishment of the rights of the lien claimants and the application of the proceeds of the sale of the premises to the satisfaction of their claims. There is nothing in the record that warrants the statement that the sale of the north forty acres was more advantageous to or gave the plaintiff or the defendant lumber company any greater rights than would have the sale of the east forty acres. By statute both lien claimants were necessary parties to the action. The complaints served and filed apprised the appealing defendant of the fact that some part of his premises would be sold. Manifestly, both claims as filed could not be satisfied as that would result in the sale of more than forty acres. It is also apparent that the relief awarded by the judgment did not exceed that demanded in the complaint. The defendant chose to ignore the process of the court with full knowledge of the claims against him. If there existed equitable considerations which might properly have been presented to the court in defendant's behalf, he deliberately chose to forego his rights in that respect and cannot now claim to be prejudiced by the judgment of the court. The court granted foreclosure of the claim, and the mere fact that the liens were amended so as to affect the same particular forty acres of land did not result in the plaintiff's receiving more or greater relief than that demanded in the complaint.

II. It is next urged that the action of the lumber company

was not begun within the time limited by statute. The lumber company filed its claim and filed an affidavit under the provisions of sub. (2), sec. 289.06, which provides:

"The effect of such affidavit shall not continue beyond one year from the time when such lien would otherwise cease to be valid, and action shall not be maintained after said additional period of one year unless action be brought and summons and complaint filed within the said period."

Although the plaintiff's action was begun within the time limited, it is argued that, because the defendant lumber company did not bring an action within the year and serve and file summons and complaint, its rights as a lien claimant have expired. The action in which the judgment was rendered having been begun in time, it is clearly not the purpose and intent of the statute that every other lien claimant shall bring an action. If the action in which the judgment is rendered be brought and the summons and complaint filed within the statutory period, all lien claimants, being by the statute necessary parties thereto either as plaintiffs or defendants, are brought within the statute and their rights saved. The language of the statute clearly contemplates that there shall not be a multiplicity of actions, and the mere fact that the defendant lumber company failed to begin an independent action within the time limited does not defeat its rights under the statute. The action in which judgment was rendered was begun in time.

The order of the trial court denying the motion to vacate the judgment was one resting in the sound discretion of the trial court. We see no reason for disturbing the trial court's determination.

*By the Court.*—Judgment and order appealed from are affirmed.