(911 P.2d 187)
No. 73,041

COLUMBIA SAVINGS ASSOCIATION, F.A., a federal savings associ-
ation, *Plaintiff/Appellee,* v. JEFFREY S. MCPHEETERS;
PRISCILLA J. MCPHEETERS; BUD JENNINGS & SONS CARPET,
INC.; OLATHE MILLWORK COMPANY, INC.; KASTL PLUMBING,
INC.; AIR DESIGN HEATING & COOLING, INC.; BLACK GOLD,
INC.; TIMOTHY GREEN d/b/a GREEN FRAMING; MID STATES
MILLWORK, INC.; 84 LUMBER COMPANY n/k/a PIERCE HARDY
REAL ESTATE, INC.; DOUGLAS COUNTY, KANSAS, BOARD OF
COUNTY COMMISSIONERS; GARBER ENTERPRISES, INC.; and
UNKNOWN PERSONS, *Defendants/Appellees,* and RSC
ELECTRIC, INC., *Defendant/Appellant.*

Opinion
filed January 19, 1996.

*Michael S. Martin,* of Westwood, and *Scott C. Stockwell,* of Lawrence, for
appellant.

*Peter K. Curran,* of Petefish, Curran, Immel & Heeb, of Lawrence, for appellee
Columbia Savings Association, F.A.

Before GREEN, P.J., LEWIS, J., and JAMES L. BURGESS, District
Judge, assigned.

BURGESS, J.: RSC Electric, Inc., appeals the judgment of the
trial court denying its motion to file its answer out of time. We
affirm.

Columbia Savings Association (Columbia) filed a petition to
foreclose construction loan mortgages on 10 tracts of real estate.
The petition named multiple defendants, including the borrowers,

Jeffrey and Priscilla McPheeters, and many lienholders, one of which was RSC Electric, Inc. (RSC), a mechanic's lienholder. RSC was served through its president, Dale Smith, on February 4, 1994.

RSC filed its answer and motion to file the answer out of time on July 14, 1994. As justification for its late filing, RSC claimed it had sought the advice of counsel, who said that RSC did not have a meritorious defense. When RSC later discovered that its mechanic's lien had priority over Columbia's mortgages, RSC moved to file its answer out of time.

The trial court denied RSC's motion to file its answer out of time. The trial court later granted default judgment against RSC. RSC timely appeals.

The trial court may allow a party to file pleadings out of time where the failure to act was the result of excusable neglect. K.S.A. 60-206(b). The purpose of K.S.A. 60-206(b) is "to allow a trial court some discretion in order to prevent a miscarriage of justice which might occur if blind adherence to set time periods were otherwise required." *Boyce v. Boyce*, 206 Kan. 53, 55, 476 P.2d 625 (1970). The *Boyce* court further explained:

"What constitutes excusable neglect under the statute must be determined by the trial court on a case by case basis under the facts presented in support of and in opposition to the enlargement of time. The trial court should consider the circumstances under which the neglect to act occurred as well as the effect of an enlargement upon the rights of all parties affected thereby.

"When a party in default seeks an enlargement of time based upon excusable neglect under K.S.A. 60-206(b), his request should be supported by evidence of his good faith, he should establish a reasonable excuse for his failure and he should show that the interests of justice can be served by granting the enlargement. After considering these matters the determination should rest in the sound judicial discretion of the trial court." 206 Kan. at 55-56.

Excusable neglect may also be grounds for setting aside a default judgment. K.S.A. 60-260(b). In considering whether to set aside a default judgment, the trial court should consider whether the non-defaulting party will be prejudiced, whether the defaulting party has a meritorious defense, and whether the default was the result of excusable neglect. *Jenkins v. Arnold*, 223 Kan. 298, 300, 573 P.2d 1013 (1978). The same principles are applicable to the instant

case because RSC filed its motion to answer out of time in an attempt to avoid a default judgment.

In denying RSC's motion to file an answer out of time, the trial court made the following findings:

"1. The plaintiff would suffer some prejudice by granting the defendant's motion to file answer out of time.

2. The defendant RSC Electric, Inc. does not have a meritorious defense to plaintiff's causes of action.

3. The defendant RSC Electric, Inc. has not demonstrated excusable neglect to sufficiently justify allowing it to file answer out of time."

The trial court found that RSC did not have a meritorious defense because RSC had failed to foreclose its mechanic's lien within 1 year as required by K.S.A. 60-1105(a).

Article 11 of Chapter 60 governs mechanics' liens. K.S.A. 60-1105(a) provides that "[a]n action to foreclose a lien under this article shall be brought within one year from the time of filing the lien statement." K.S.A. 60-1108 further provides: "If no action to foreclose or adjudicate any lien filed under the provisions of this article shall be instituted within the time provided in subsection (a) of K.S.A. 60-1105, and amendments thereto, the lien shall be considered canceled by limitation of law."

RSC argues that K.S.A. 60-1105(a) was satisfied when Columbia filed its mortgage foreclosure petition naming RSC as a party and praying that "all other interests which may be claimed by any of the defendants be foreclosed." Columbia filed its petition within 1 year of the date RSC filed its mechanic's lien.

Columbia argues that K.S.A. 60-1105(a) contemplates that a mechanic's lienholder must take some affirmative action on its own behalf. Because RSC failed to come forward and assert its lien rights until July 14, 1994, the date it attempted to file its answer out of time, its mechanic's lien was not foreclosed within 1 year and is now unenforceable.

The issue appears to be one of first impression in Kansas. The parties cite two cases, however, which may provide some guidance: *Boyce v. Knudson*, 219 Kan. 357, 548 P.2d 712 (1976), and *In re Birdview Satellite Communications, Inc.*, 90 Bankr. 465 (Bankr. D. Kan. 1988).

The facts of *Boyce* are as follows: Plaintiff Boyce filed suit against defendant Knudson to foreclose a mechanic's lien. The trial court entered judgment for Boyce, but ordered Knudson to pay the money to the clerk of the district court so it could first be applied to two other mechanics' liens held by Highland Lumber and Meyer Lumber once the amounts of those liens were determined. Highland and Meyer were not parties to the Boyce suit and had not yet attempted to foreclose their liens. More than 1 year after filing their liens, Highland and Meyer filed motions to implement the Boyce judgment, asking that the money be applied toward their liens.

The trial court denied the motions because Highland and Meyer had not attempted to foreclose their mechanics' liens within 1 year. The Kansas Supreme Court affirmed. The *Boyce* court noted that "mechanics' liens are statutory in origin and one who claims the benefit of such a lien has the burden of bringing himself within the purview of the statutes which create them." 219 Kan. at 362. The court reasoned that the Boyce judgment did not purport to foreclose the liens held by Highland and Meyer. Instead, the judgment was conditioned upon the future determination of the amounts of those liens. When Highland and Meyer failed to file any action to determine the amounts of their liens within 1 year of their filing, the liens expired. 219 Kan. at 363-64.

In *Birdview*, the United States Bankruptcy Court addressed the argument of a mechanic's lienholder that it had a right to relief from stay because it had perfected its lien before the debtor filed for bankruptcy. The lienholder sought relief from stay so that it could participate in a mortgage foreclosure action in which it had been named a defendant. The *Birdview* court held that the lienholder had not perfected its lien because it had failed to foreclose within 1 year as required by K.S.A. 60-1105(a). The court relied, in part, upon *Boyce* in holding that K.S.A. 60-1105(a) is a statute of duration and not a statute of limitation; thus, the filing of the bankruptcy petition did not toll the 1-year period pursuant to 11 U.S.C. § 108(c) (1988). 90 Bankr. at 470.

RSC argues that both *Boyce* and *Birdview* are distinguishable from the instant case. In *Birdview*, the mortgage foreclosure suit

naming the lienholder as a defendant was filed more than 1 year after the lienholder filed its lien. In the instant case, the mortgage foreclosure was filed within 1 year from the date RSC filed its lien. *Birdview*, however, did not consider or address any argument that the mortgage foreclosure suit satisfied the 1-year time requirement of K.S.A. 60-1105(a). Instead, *Birdview* decided the more limited issue of whether a bankruptcy petition tolled the 1-year period pursuant to 11 U.S.C. § 108(c). Because that statute extends the time only for statutes of limitation, and not statutes of duration, the *Birdview* court found that the 1-year period was not tolled. 90 Bankr. at 470.

RSC argues that its case is distinguishable from *Boyce* because the lienholders in *Boyce* were never parties to the foreclosure action, nor were their liens brought into controversy by the foreclosure action. By contrast, RSC was a party to, and its lien was brought into controversy by, the instant mortgage foreclosure action. RSC argues that these facts satisfy the requirement of K.S.A. 60-1105(a).

The issue, then, is whether K.S.A. 60-1105(a) is satisfied when a mortgagee files suit to foreclose and names a mechanic's lienholder as a defendant, or must a mechanic's lienholder take affirmative action by filing an answer and/or cross-claim asserting its claim against the property owner?

From the holding of *Boyce*, it appears that the lienholders would have had to answer. The basis of the *Boyce* holding was that the judgment did not purport to determine or foreclose the appellants' liens. Even if the appellants had been named as defendants, the judgment could not have determined or foreclosed their liens unless they filed an answer alleging the value of their liens. Thus, the determinative date must be when a mechanic's lienholder files an answer or pleading alleging its interest and not merely when a mortgagee files suit naming the mechanic's lienholder as a defendant. The lienholder must take some affirmative action on its own behalf to foreclose its lien.

RSC cites several out-of-state cases for the premise that the filing of a foreclosure action naming the mechanic's lienholder as a defendant satisfies the statute requiring the mechanic's lien to be

foreclosed within a set period of time. See *Title Guarantee Co. v. Wrenn*, 35 Or. 62, 56 Pac. 271 (1899); *Amato v. Hall*, 115 W. Va. 79, 174 S.E. 686 (1934); *Erickson v. Patterson*, 191 Wis. 628, 211 N.W. 775 (1927). The state statutes in these cases require the joinder of all lien claimants in a foreclosure action. RSC argues that because K.S.A. 60-1106 requires all mechanics' lienholders to be joined in any action to foreclose a mechanic's lien, Kansas should follow the holdings of these cases.

The instant action, however, was not an action to foreclose a mechanic's lien. Columbia correctly points out that K.S.A. 60-1106 only requires the joinder of all mechanics' lienholders and "other encumbrancers of record" in an action *by another mechanic's lienholder*. RSC cites no authority and does not argue that all mechanics' lienholders must be joined in a mortgage foreclosure action. In fact, a mechanic's lienholder is only a necessary party to a mortgage foreclosure action to the extent that a mortgagee wishes to bar that lienholder from later foreclosing its lien and seeking a second sale of the real estate. See *Lenexa State Bank & Trust Co. v. Dixon*, 221 Kan. 238, 242, 559 P.2d 776 (1977).

Furthermore, it is not clear that the cases cited by RSC stand for the premise asserted. RSC argues that the mere filing of a foreclosure suit naming a lienholder as a defendant satisfies the lienholder's obligation to foreclose its lien within 1 year of its filing. The *Wrenn* court did not so hold. Instead, *Wrenn* held that "a suit to enforce a particular mechanic's lien is, in effect, a proceeding to enforce the liens of all lien claimants, parties to the record, and *the filing of an answer by a defendant in such proceeding is as much a compliance with the statute as the beginning of the original suit.*" (Emphasis added.) 35 Or. at 69. In *Amato* and *Erickson*, the question of whether the defendant lienholder had filed an answer was not at issue.

The purpose of a plaintiff in a foreclosure action naming as defendants all lienholders is not to foreclose the defendants' liens for them. The plaintiff seeks to have its lien determined to be superior to all other liens and to bar any junior lienholders from foreclosing liens and seeking a second sale of the property. The plaintiff seeks to foreclose (*i.e.*, exclude, bar, shut out, etc.) any other party from

claiming any interest superior to plaintiff's claim. If a lienholder named as a defendant in a foreclosure action wishes to defend against plaintiff's claim of superiority and to avoid being foreclosed from pursuing its own foreclosure action, a lienholder must take action to defend its claims.

RSC did not have a meritorious defense to Columbia's action. Accordingly, the trial court did not abuse its discretion in denying RSC's motion to answer out of time. While the conclusion reached as to this issue is determinative of this appeal, RSC has also failed to sustain its burden as to the issues of whether the court abused its discretion in finding that RSC did not demonstrate excusable neglect and that Columbia would suffer prejudice if RSC was allowed to file an answer out of time.

RSC argues that its failure to file a timely answer was justified by excusable neglect. RSC sought the advice of counsel and was erroneously advised that there was no meritorious defense to Columbia's foreclosure action. RSC later learned that it had first provided the goods and services giving rise to its mechanic's lien 8 days before Columbia filed its mortgages with the Douglas County Register of Deeds. Thus, RSC did have a meritorious defense. RSC then filed its answer and motion to answer out of time.

The trial court found that these facts did not constitute excusable neglect; rather, they showed that RSC had intentionally chosen not to answer Columbia's petition. The court further found that RSC knew or should have known when it started work; therefore, it had all of the information necessary to assert its defense.

The trial court found that granting RSC's motion would prejudice Columbia because of the delay that would result. The court stated that it could not weigh the amount of prejudice or say that the prejudice alone would be sufficient to deny RSC's motion. The court then relied primarily upon RSC's lack of a meritorious defense and failure to show excusable neglect in denying the motion to answer out of time.

"Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable person would take the view adopted by the trial court." *McKissick v. Frye*, 255 Kan. 566,

577, 876 P.2d 1371 (1994). In the instant case, the trial court's findings were reasonable. RSC has failed to show an abuse of discretion.

Affirmed.