(934 P.2d 992)
No. 75,625

BEVERLY CALIFORNIA CORPORATION, *et al.*, *Appellants*, v. STATE
OF KANSAS, DEPARTMENT OF HUMAN RESOURCES; KANSAS
EMPLOYMENT SECURITY BOARD OF REVIEW, *et al.*, *Appellees*.

Opinion filed March 21, 1997.

*James G. Chappas*, of James G. Chappas, Chartered, of Topeka, for appellants.

*James R. McEntire*, of Topeka, for appellees.

Before ROYSE, P.J., WAHL, S.J., and STEVEN R. BECKER, District Judge, assigned.

WAHL, J.: Plaintiffs Beverly California Corporation, *et al.*, appeal the district court's decision that their representative failed to secure plaintiffs' standing to challenge claims for unemployment compensation.

This action involves seven claims for unemployment compensation. Beverly California Corporation and Hy Fee Food Stores, Inc., each employed two of the claimants. Albertson's, Inc., Exide Corp., and Denny's Restaurants, Inc., each employed one of the other three employees. We shall refer to these employers collectively as the Employers.

The facts are not disputed. An examiner for the Kansas Department of Human Resources mailed the Employers notices of the claims. Each notice included a form for the Employers to fill out and return to the examiner if the Employers sought to challenge the claim against the Employers' unemployment compensation fund. Near the bottom of the form was printed: "If additional space is needed, attach a letter. You must also attach any documentation you wish to have considered. You must sign this document on the line designated below." The form concluded with a signature line preceded by the following certification:

"I do hereby certify that the information submitted is correct and complete. I acknowledge that willful misrepresentation or failure to disclose a material fact is punishable by imprisonment for up to 60 days and/or a fine of up to $200 for each day of failure or refusal to disclose correct and complete facts."

A claims analyst working for the Employers' representative, Gibbons Company, wrote nothing on each of the forms and returned them to the examiner along with brief letters stating that the Employers were protesting the charges against their accounts. The Employers concede that none of the forms were completed or signed.

The examiner found that the Employers had failed to furnish the required information to challenge the claims.

The Employers appealed to an agency referee, who determined that the Employers had waived standing to challenge the claims

against their respective accounts by failing to complete the forms properly. The referee noted that by failing to complete and return the required information within 10 days from the date of the examiner's notice, an employer waives standing to challenge a claim. The referee determined that, by not signing the forms, the Employers had failed to fulfill the requirements of K.A.R. 50-3-1(h) and had waived standing. The referee also determined that the incompetence of the representative hired by the Employers to process such claims did not excuse the Employers' failure to secure standing.

The Employers appealed to the Kansas Employment Security Board of Review (Board). The Board adopted and affirmed the referee's ruling. The Board explained that the representative's signature on the letter did not satisfy K.A.R. 50-3-1 and was insufficient to acknowledge the consequences of providing false or incomplete information.

The Employers appealed to the district court. The district court agreed that the Employers had failed to comply with K.A.R. 50-3-1(h) and that the representative's incompetence did not constitute excusable neglect on the part of the Employers. The district court dismissed the Employers' appeal after holding that the Employers had failed to secure standing to challenge the claims against their unemployment compensation accounts.

We affirm.

The Employers argue that, despite their failure to complete and sign the notice forms, the Employers provided the examiner with all required information and secured standing to challenge the claims by mailing to the examiner letters, signed by their representative. This issue is governed by statute. Construction of a statute is a question of law, and this court's review of a question of law is unlimited. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995). Courts, however, defer to an administrative agency's construction of a statute, which the agency has a duty to implement, if the agency's construction is supported by a rational basis. *National Council on Compensation Ins. v. Todd*, 258 Kan. 535, Syl. ¶ 3, 905 P.2d 114

(1995). Moreover, the statutes governing this issue are supplemented by regulations promulgated by the Secretary of Human Resources. K.S.A. 1996 Supp. 44-709(a). Courts give great weight to an agency's interpretation of its own regulations. *Hickey v. Kansas Corporation Comm'n*, 244 Kan. 71, 76, 765 P.2d 1108 (1988).

When an examiner initially processes a claim for unemployment compensation, the examiner notifies the employer, who must respond to the notice within 10 days in order to preserve standing to protest the claim. K.S.A. 1996 Supp. 44-709(b). K.S.A. 1996 Supp. 44-710(c)(3) provides in pertinent part:

"The examiner shall notify any base period employer whose account will be charged with benefits paid following the filing of a valid new claim. . . . Such notice shall become final and benefits charged to the base period employer's account in accordance with the claim unless within 10 calendar days from the date the notice was mailed, the base period employer requests in writing that the examiner reconsider the determination and *furnishes any required information in accordance with the* [human resources] *secretary's rules and regulations.* (Emphasis added.)

K.A.R. 50-3-1(h) provides in pertinent part:

"The examiner shall furnish a notice of separation and request for reconsideration form with each employer notice. *The employer shall request reconsideration upon that original form.*

"The employer shall provide a complete explanation of the circumstances; the date of separation, if any; *the signature and title of the person completing the form for the employer*; the employer's firm name and address, the date the form is completed; and any other information required by the form." (Emphasis added.)

Here, the Employers received the forms instructing them to complete them and return them to the examiner within 10 days. Each form also stated: "You must sign this document on the line designated below." Between that instruction and the signature line, the form explained that a misrepresentation or a failure to disclose material information was punishable by up to 60 days' imprisonment and/or a fine of up of $200 for each day's failure. The Employers returned the forms to the examiner without completing or signing them, but with letters signed by a representative protesting the claims. The Board properly determined that the Employers had failed to comply with the requirement of K.A.R.

50-3-1(h) by not requesting reconsideration upon the original form. The Board stated that this omission was substantive rather than merely formal because by signing their appended letters rather than the forms, the Employers had failed to acknowledge the consequences of their providing false or incomplete information to the examiner.

The language of K.A.R. 50-3-1(h) expressly states that an employer must request reconsideration of a claim on the original form. Thus, the Board accurately determined that the Employers had not complied with this regulation when they failed to fill out the forms and instead attached signed letters to challenge the claims. The Board's reasoning has a rational basis. The signature of the Employers' representative on the appended letters rather than on the forms was more than a mere technical distinction because, unlike the forms, the letters lacked an acknowledgement of the consequences of providing false or incomplete information to the examiner.

The Employers also argue that their noncompliance with the statutory and regulatory requirements amounted to excusable neglect. The Employers note that in another case involving one of the Employers, an agency referee determined that an incomplete response on the notice form was the result of excusable neglect on the part of the employer because the employer's representative handling the response was unfamiliar with the form. "[T]he doctrine of stare decisis is inapplicable to decisions of administrative tribunals." *In re Appeal of K-Mart Corp.*, 238 Kan. 393, 396, 710 P.2d 1304 (1985). The referee's decision in another case is not binding precedent for the Board and is not binding on this court.

Furthermore, the decision by the referee in the other case was not appealed to the Board, and the Board did not issue an opinion in that case. Here, by contrast, the Board adopted the referee's view that the incompetence of the representative hired by the Employers to process such claims did not excuse the Employers' failure to secure standing to challenge the claims.

K.S.A. 1996 Supp. 44-709(b)(1) provides that an employer waives standing to challenge a claim by failing to respond to the notice form within 10 days "except that the [employer's] response

time limit may be waived or extended by the examiner or upon appeal, if timely response was impossible due to excusable neglect." This applies to the impossibility of a "timely response." Timeliness does not enter into the problem with the Employers' response here. Their problem was that they did not send any response. The Board ruled that the reason the forms were not completed in these cases—the representative's incompetence—did not amount to excusable neglect on the part of the Employers.

The Board's view is entirely rational. If the incompetence of one hired to perform a specific task were considered excusable neglect, the excusable neglect exception would swallow the rule requiring that the task be performed in the first instance.

The district court properly found that the Employers had failed to secure standing to challenge the claims against their unemployment compensation accounts and properly dismissed the Employers' appeal.

Affirmed.