(8 P.3d 26)

No. 83,493

JOHN D. MITCHELL, M.D., *Appellee*, v. DWIGHT MILLER and STATELINE ENTERPRISES, INC., *Appellants*.

Opinion filed June 16, 2000.

*Donald E. Bucher,* of Gould, Thompson & Bucher, A Professional Corporation, of Kansas City, Missouri, for the appellants.

*Richard T. Merker* and *James L. MowBray,* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, for the appellee.

Before PIERRON, P.J., GERNON, J., and RICHARD M. SMITH, District Judge, assigned.

PIERRON, J.: Dwight Miller and Stateline Enterprises, Inc. (Stateline) appeal a judgment entered in favor of John D. Mitchell, M.D., for $176,104.42 based on enforcement of a promissory note. The appellants argue the district magistrate court erred in granting Mitchell's request for leave to file a notice of appeal out of time, Mitchell's action against Stateline was barred by K.S.A. 17-6807, and Stateline's promise to pay was not supported by any consideration. We affirm.

The facts are for the most part undisputed. Miller is a certified public accountant. He became acquainted with Mitchell while doing Mitchell's accounting. Stateline was a Kansas corporation incorporated on March 9, 1988, formed to engage in the business of operating a car wash. Miller and Michael Earl each owned 50% of Stateline from 1988 until early 1992.

On March 28, 1988, Mitchell lent Miller $115,000, with repayment due on May 1, 1988. Miller signed a promissory note. This note had no reference to Stateline. Miller made some payments on the note until 1992. These payments were drawn on a Stateline bank account. In 1992, the note was replaced with a new note dated January 16, 1992. The 1992 note incorporated principal and accrued interest, and set up monthly payments for 2 years at which time all remaining principal and interest would become due and payable. The 1992 note was signed by Miller personally and by Miller as secretary/treasurer of Stateline. Payments continued to be made from a Stateline bank account. Mitchell testified that the last payment was received in June 1994, which brought the note current through February 1994. No payments were received thereafter.

Mitchell filed suit as a limited action. The district magistrate court conducted a full hearing and granted judgment to the appellants, holding that Miller had received no consideration in connection with the transactions and the action against Stateline was barred by K.S.A. 17-6807. The court later granted Mitchell's motion to appeal out of time. The district court conducted a trial de novo, reversed the magistrate court's decision, and granted judgment to Mitchell. The court held that Miller had personally obligated himself on the 1988 and 1992 notes. The court further held that the 1992 note had been issued as payment on a defaulted antecedent debt and was issued in exchange for a promise of performance of the contract and forbearance from Mitchell filing suit. Miller and Stateline appeal.

The appellants first argue the magistrate court erred in granting Mitchell's request for leave to file his notice of appeal out of time.

This case began as a limited action. A magistrate court conducted a full hearing. K.S.A. 60-2103a(a) states that except as otherwise

provided by law, an appeal from orders or decisions of the district magistrate court shall be filed with the district court within 10 days of the entry of such order or decision. The magistrate court granted judgment in favor of Miller on July 11, 1997. Using the time computations in K.S.A. 1999 Supp. 60-206(a) for periods less than 11 days, Mitchell's notice of appeal was due on July 25, 1997. Mitchell filed a notice of appeal on July 29, 1997, and contemporaneously filed a motion for leave of court to file notice of appeal. Miller objected to Mitchell's motion.

Mitchell claimed excusable neglect for his failure to timely appeal. Mitchell's counsel at the time stated he had incorrectly determined the time for appeal would not expire for 30 days. Counsel stated that on July 29, 1997, he determined the time to appeal the magistrate court's decision was in fact 10 days and he filed the notice of appeal immediately.

The magistrate court granted Mitchell's motion for leave. The court indicated it was mindful of the fact that it has been consistently held that ignorance of the rules or mistakes in construction of the rules does not usually constitute excusable neglect. The court decided: "Nevertheless, the Court also notes that, in this instance, the Plaintiff's delay was short, the Plaintiff has articulated grounds upon which he believes his appeal carries merit, and the Plaintiff's actions appear to have been undertaken in good faith. The Court therefore finds Plaintiff's neglect excusable in this instance."

The trial court may allow a party to file pleadings out of time where the failure to act was the result of excusable neglect. K.S.A. 1999 Supp. 60-206(b)(2). The purpose of 60-206(b) is "to allow a trial court some discretion in order to prevent a miscarriage of justice which might occur if blind adherence to set time periods were otherwise required." *Boyce v. Boyce*, 206 Kan. 53, 55, 476 P.2d 625 (1970). The *Boyce* court further explained:

"What constitutes excusable neglect under the statute must be determined by the trial court on a case by case basis under the facts presented in support of and in opposition to the enlargement of time. The trial court should consider the circumstances under which the neglect to act occurred as well as the effect of an enlargement upon the rights of all parties affected thereby." 206 Kan. at 55-56.

The appellants cite two cases to support a finding of abuse of discretion. In *Beverly California Corp. v. State*, 23 Kan. App. 2d 680, 934 P.2d 992 (1997), an employer did not follow the instructions on a form furnished by the Kansas Department of Human Resources upon the filing of a claim for unemployment compensation by an employee and failed to sign the form below the certification printed thereon. The court held the employer had failed to secure standing to challenge the claim against the employer's unemployment compensation account. The court stated the employer's inattention or incompetence in completing the response form according to instructions did not amount to excusable neglect to entitle the employer to amend the response. 23 Kan. App. 2d 680, Syl. ¶ 6. The court commented: "If the incompetence of one hired to perform a specific task were considered excusable neglect, the excusable neglect exception would swallow the rule requiring that the task be performed in the first instance." 23 Kan. App. 2d at 685. We note that the factfinder in this case had denied the appellant's request to perfect the untimely filed appeal, and the appellate court essentially upheld the action as not being an abuse of discretion.

In *Columbia Savings Ass'n v. McPheeters*, 21 Kan. App. 2d 919, 911 P.2d 187 (1996), a mechanic's lienholder sought leave to file its answer out of time in response to a bank's petition to foreclose construction loan mortgages. The lienholder's reason for not timely filing an answer was an initial erroneous determination by the lienholder that there were no meritorious defenses to the foreclosure. The trial court refused to grant leave to file the answer. This court affirmed the trial court's decision and held the lienholder could not demonstrate excusable neglect since the lienholder intentionally chose not to file an answer and it had all the necessary information to determine whether it had a defense at the time that decision was made. 21 Kan. App. 2d at 925. Again, the appellate court found no abuse of discretion.

The appellants essentially request that we strictly apply the time period in K.S.A. 60-2103a and find the magistrate court abused its discretion by granting the motion to answer out of time. "Judicial discretion is abused when judicial action is arbitrary, fanciful, or

unreasonable, which is another way of saying that discretion is abused only where no reasonable person would take the view adopted by the trial court." *McKissick v. Frye*, 255 Kan. 566, 577, 876 P.2d 1371 (1994).

The appellants do not present evidence that Mitchell acted in bad faith. See *Columbia Savings*, 21 Kan. App. 2d at 920 (quoting *Boyce*, 206 Kan. at 55). The magistrate court considered the circumstances under which the neglect occurred as well as the effect of an enlargement of the appeal time upon the rights of all the parties. Considering the very short period of delay and the fact that the appellants have demonstrated no prejudice other than the district court eventually granting judgment to Mitchell, we cannot find the magistrate court abused its discretion in allowing Mitchell to file an appeal.

We acknowledge the appellants' well-presented arguments that this decision could cause difficulties by allowing an attorney error in legal analysis to be grounds for granting an opportunity to appeal. However, we believe cases such as this, where the delay is slight and no prejudice can be otherwise shown, do not pose a significant threat to the orderly administration of justice. The trial court will have the necessary discretion to protect the process from misuse.

Next, the appellants argue the cause of action against Stateline is barred by K.S.A. 17-6807.

Interpretation of a statute is a question of law, and this court's review is unlimited. *Rose & Nelson v. Frank*, 25 Kan. App. 2d 22, 24, 956 P.2d 729, *rev. denied* 265 Kan. 886 (1998). An appellate court is not bound by the district court's interpretation of a statute. *Smith v. Printup*, 262 Kan. 587, 604, 938 P.2d 1261 (1997).

K.S.A. 17-6807 provides:

"All corporations, whether they expire by their own limitation or are otherwise dissolved, including revocation or forfeiture of articles of incorporation pursuant to K.S.A. 17-6812 or 17-7510, and amendments thereto, shall be continued, nevertheless, for the term of three years from such expiration or dissolution or for such longer period as the district court in its discretion shall direct, bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, to discharge their

liabilities and to distribute to their stockholders any remaining assets, *but not for the purpose of continuing the business for which the corporation was organized.* With respect to any action, suit or proceeding begun by or against the corporation either prior to or within three years after the date of its expiration or dissolution, the action shall not abate by reason of the dissolution of the corporation; and the corporation shall, solely for the purpose of such action, suit or proceeding, be continued as a body corporate beyond the three-year period and until any judgments, orders or decrees thereon shall be executed, without the necessity for any special direction to that effect." (Emphasis added.)

During the 3-year period following a corporation's dissolution, the corporation may not conduct the business for which it was originally incorporated. It may conduct only such business as is "incidental and necessary to . . . wind up." *Patterson v. Missouri Valley Steel, Inc.*, 229 Kan. 481, 489, 625 P.2d 483 (1981) (quoting with approval *Johnson v. Helicopter & Airplane Services Corp.*, 404 F. Supp. 726, 731 [D.Md.1975]). At common law, the dissolution of a corporation was its civil death, which terminated the corporation's capacity to sue and be sued. *Patterson*, 229 Kan. at 489 (quoting *Johnson*, 404 F. Supp. at 730). The corporate survival statute, K.S.A. 17-6807, prevents the abatement of a dissolved corporation's right of suit and is therefore remedial in nature. As such, the survival statute should be liberally construed so that its purpose may be accomplished. See, *e.g.*, *Squires v. City of Salina*, 9 Kan. App. 2d 199, 202, 675 P.2d 926 (1984).

Our legal question is whether K.S.A. 17-6807 prohibits suit against Stateline. We believe the district court correctly determined that Stateline could not hide behind the provisions of K.S.A. 17-6807 and was subject to suit.

Stateline was formed as a Kansas corporation on March 9, 1988. From and after that date, it was authorized to do business in Kansas and was doing business in Kansas. On July 15, 1992, Stateline's articles of incorporation were forfeited for failure to pay annual fees and failure to file an annual report. Stateline's articles of incorporation were never reinstated or revived. It is undisputed that even though the articles of incorporation were forfeited in 1992, Stateline continued to do business for which it was incorporated. The evidence presented at trial established that Stateline continued

to do business from 1992 through 1997 and filed tax returns annually during those years.

K.S.A. 17-6807 is clearly to help a corporation "wind up" its affairs and to gradually settle and close its business. The court in *Addy v. Short*, 47 Del. 157, 163, 89 A.2d 136 (1952), stated: "During the three-year period of winding up, the corporation functions exactly as it had functioned before dissolution, with the important qualification that its powers are limited to closing its affairs and do not extend to carrying on the business for which it was established." The evidence in the case at bar clearly indicates Stateline was not closing down its business. We agree with the district court's ruling that by continuing to do business after the corporate charter had been forfeited, and based upon the default of the 1992 note, judgment was authorized against Stateline.

Last, the appellants argue Mitchell presented no evidence that Stateline's signature on the 1992 note was supported by any consideration.

Miller states the 1988 note was only signed by him and the check disbursing the loan proceeds was made payable to him. The appellants argue the 1992 note was merely a renewal of the outstanding balance from the 1988 note and no new funds were advanced. The appellants also contend any consideration in forbearance from suit only benefitted Miller, not Stateline. Consequently, the appellants argue Stateline's signature on the 1992 note must be viewed as a guaranty and, since there was no consideration for this guarantee, it was gratuitous and not legally enforceable.

It is a longstanding rule of law that for a contract to be enforceable it must be supported by consideration. *Temmen v. Kent-Brown Chevrolet Co.*, 217 Kan. 223, 231, 535 P.2d 873 (1975). The principle that forbearance may constitute consideration to support a contract is established in Kansas. *Evco Distributing, Inc. v. Brandau*, 6 Kan. App. 2d 53, 57, 626 P.2d 1192, *rev. denied* 230 Kan. 817 (1981). Forbearance to sue can be good consideration for a promise, regardless of the actual validity of the claim, if the one who forbears has reasonable and sincere belief in its validity. *Schiffelbein v. Sisters of Charity of Leavenworth*, 190 Kan. 278, 280, 374 P.2d 42 (1962).

There was full and adequate consideration to Miller and Stateline for the 1992 note. Miller testified the loan check for the 1988 note was made payable to him rather than Stateline because he was unsure how the proceeds were going to be used. Those proceeds were used to pay off notes owed by the car wash to Caldwell County Bank, and those notes were later assigned to Stateline along with the proceeds of a contract for the sale of the car wash. Checks from Stateline's bank account were used to make payments on both the 1988 and 1992 promissory notes. Additionally, there was substantial evidence presented at trial that forbearance of suit by Mitchell was obtained only by the execution of the 1992 note signed by both Miller and Stateline. There was consideration.

Affirmed.