(234 P.3d 826)
No. 102,359

RACHEL KANNADAY, *Appellee*, v. CHARLES BALL, SPECIAL
ADMINISTRATOR OF THE ESTATE OF STEPHANIE HOYT,
DECEASED, *Appellant*.

Opinion filed June 18, 2010.

*William L. Townsley* and *Lyndon W. Vix*, of Fleeson, Gooing, Coulson & Kitch, L.L.C., of Wichita, for appellant.

*Paul Hasty, Jr.*, of Schmitt, Manz, Swanson & Mulhern, P.C., of Overland Park, for appellee.

Before McANANY, P.J., MALONE and STANDRIDGE, JJ.

McANANY, J.: On July 13, 2005, Genevie Gold, Sharon Wright, and Rachel Kannaday were passengers in Stephanie Hoyt's automobile when it collided with a truck on the Kansas Turnpike. Hoyt was killed, and her three passengers were severely injured.

Hoyt was insured by GEICO Indemnity Insurance Company with liability limits for bodily injury of $25,000 per person and $50,000 per accident. GEICO settled with Gold for $25,000. GEICO offered to settle with Wright and Kannaday for $12,500 each. Neither accepted the offer.

Eight months later, on March 17, 2006, Kannaday petitioned the court to appoint Charles Ball as special administrator of Hoyt's estate (Estate). That same day Kannaday filed suit against Ball as special administrator of the Estate for her personal injuries, claiming the accident and Kannaday's injuries were the result of Hoyt's negligence.

On about April 21, 2006, Ball answered the petition, asserting that while Hoyt's negligence contributed to the accident, the negligence of others contributed and must be compared pursuant to K.S.A. 60-258a.

On March 23, 2006, GEICO, Hoyt's insurer, commenced an interpleader action in the federal district court in Kansas against Wright, Kannaday, and others, seeking a disposition of the remaining $25,000 proceeds from Hoyt's policy.

On August 30, 2006, Kannaday's attorney sent a proposed settlement agreement to the Estate's attorney. The agreement provided in part:

"1. Kannaday may present, ex parte, Kannaday's evidence to the District Court of Wyandotte County, Kansas for the Court's consideration on the judgment to be entered in favor of Kannaday and against the representative of the estate of Hoyt."

In exchange, Kannaday agreed not to execute on the judgment against any Estate assets but to seek to recover on the judgment only from GEICO. To that end, Ball would assign to Kannaday any claim he or the Estate had against GEICO for bad faith. Ball signed the agreement on September 20, 2006.

On October 16, 2006, the Estate moved for partial summary judgment in the personal injury action, seeking to limit Kannaday's recovery against Hoyt to the $25,000 on deposit in the federal court because of Kannaday's failure to present a timely claim against the Estate as required by the Kansas nonclaim statute, K.S.A. 59-2239(1).

Before the district court could rule on the Estate's partial summary judgment motion, the federal court, on November 7, 2006, enjoined Kannaday from initiating or prosecuting any other actions to recover the $25,000 which was the subject of the interpleader action. The court also disbursed the $25,000 GEICO deposited in court to Wesley Medical Center for medical services it provided to Kannaday. See *GEICO Indem. Ins. Co. v. Kannaday*, 2008 WL 576202 (D. Kan. 2008) (unpublished opinion).

On November 27, 2006, the Estate again moved for summary judgment, this time claiming that because the federal court had disbursed all the interpleader proceeds and Kannaday failed to comply with the Kansas nonclaim statute, K.S.A. 59-2239(1), there remained no possible claim against the Estate.

On December 21, 2006, the court ruled on both of the Estate's summary judgment motions. The court granted partial summary judgment with respect to the first $25,000 of Kannaday's claim, which was the subject of the federal court interpleader action and the federal court's injunction. The court denied summary judgment to the Estate with respect to the balance of Kannaday's claim over $25,000. The court determined that Kannaday had the right to proceed to trial to determine her damages (though the comparative fault issue was still unresolved). However, the court ruled that

Kannaday cannot attempt to satisfy any judgment obtained with assets of the Estate because of her failure to comply with K.S.A. 59-2239(1).

On December 27, 2007, Ball executed a second copy of the August 2006 settlement agreement, and on March 17, 2009, Kannaday signed the agreement.

On March 18, 2009, the court held the ex parte hearing described in the settlement agreement. Kannaday, the only witness, testified to her extensive and catastrophic injuries and damages. She testified that she was a passenger in the Hoyt vehicle at the time of the accident. However, Kannaday was asleep in the back seat at the time of the accident so she could offer nothing on the issue of liability. Nevertheless, the court found Hoyt to be at fault, did not consider the possible comparative fault of others, determined Kannaday's damages to be $7,219,064.37, and entered judgment against the Estate in that amount.

The Estate appeals, claiming (1) the district court erred in denying summary judgment in favor of the Estate on its November 27, 2006, motion and (2) the ex parte judgment against the Estate is void because it is based on an invalid agreement.

*The Summary Judgment Proceedings*

Our review of summary judgment proceedings is de novo. See *Cooke v. Gillespie*, 285 Kan. 748, 754, 176 P.3d 144 (2008); *Smith v. Kansas Gas Service Co.*, 285 Kan. 33, 39, 169 P.3d 1052 (2007). We apply the same summary judgment standards applicable in the district court. The parties are well familiar with those standards, which can be found in *Miller v. Westport Ins. Corp.*, 288 Kan. 27, 32, 200 P.3d 419 (2009).

Here, there is no genuine issue of material fact. The question is whether the undisputed facts entitle the Estate to judgment as a matter of law. The Estate argues as follows: Kannaday filed a claim against the Estate beyond the period set forth in K.S.A. 59-2239, the nonclaim statute. K.S.A. 59-2239 is an absolute bar to pursuit of an untimely action. Hoyt had insurance coverage with limits of $25,000 per person and $50,000 per accident. $25,000 was paid to claimant Gold, and the balance was paid into court at the time

GEICO filed the federal interpleader action. The federal court has issued a permanent injunction pursuant to 28 U.S.C. § 2361 (2006) enjoining Kannaday from prosecuting any proceeding in any state or federal court affecting the property involved in the interpleader action. The Estate concludes that it is entitled to judgment as a matter of law because: "Plaintiff's claim against the insurance proceeds available to defendant is barred by the federal court's injunction. Her claim against any amount in excess of the insurance proceeds is barred by her failure to comply with the non-claim statute."

Kannaday points out certain deficiencies, with which we agree, with respect to the Estate's arguments. First, K.S.A. 59-2239 on its face is not an absolute bar to this action. Subsection (1) of the statute provides in relevant part: "All demands . . . against a decedent's estate . . . shall be forever barred from payment unless the demand is presented within . . . four months from the date of first publication of notice . . . ." K.S.A. 59-2239(1). Kannaday failed to present her demand within the requisite time, and she cannot now demand that the Estate's personal representative pay her claim from the assets of the Estate. However, subsection (2) provides in relevant part:

"Nothing in this section shall affect or prevent the enforcement of a claim arising out of tort against the personal representative of a decedent within the period of the statute of limitations provided for an action on such claim. . . . Any recovery by the claimant in such action shall not affect the distribution of the assets of the estate of the decedent unless a claim was filed in the district court within the time allowed for filing claims against the estate under subsection (1)." K.S.A. 59-2239(2).

The Estate seems to concede this point by citing in its brief the Kansas Estate Administration Handbook § 4.7, p. 4-3 (6th ed. 1999 Supp.), which states:

"K.S.A. 59-2239(2) does not affect or prevent the enforcement of a tort claim against the personal representative of a decedent within the period of the statute of limitation for an action on such claim, but only insurance proceeds can be reached if the claim was not filed within the nonclaim period."

The issue before us is whether GEICO's policy, which provided liability coverage to Hoyt, is an asset of Hoyt's estate. The answer

is found in *Nichols v. Marshall*, 491 F.2d 177 (10th Cir. 1974). *Nichols* involved a similar fatal automobile accident on the Kansas Turnpike. Raymond Nichols was killed in the accident. So was Frank Frombaugh, the negligent driver. After opening a probate estate in Shawnee County for Frombaugh and having Herbert Marshall appointed administrator, Nichols' widow brought a wrongful death action against Marshall as administrator of the Frombaugh estate in the federal district court in Kansas. Frombaugh was insured by Allstate Insurance Company. Plaintiff obtained a judgment against the defendant at trial and thereafter brought garnishment proceedings against Allstate. Allstate contended that the federal district court lacked jurisdiction to proceed in the garnishment proceeding. It contended that plaintiff needed to present her claim in what was then the probate court of Shawnee County and obtain an allowance of claim from the probate court. The Tenth Circuit Court of Appeals disagreed, stating:

"Such would apparently be the approved procedure if the policy of automobile liability insurance issued Frombaugh by Allstate be truly an asset of Frombaugh's estate. However, . . . Nichols contends that the automobile liability insurance policy with which we are here concerned is not truly an asset of Frombaugh's estate. . . . We agree." 491 F.2d at 181.

The court looked to *Schloegl v. Nardi*, 92 Ill. App. 2d 302, 234 N.E.2d 558 (1968), which it found to be consistent with Kansas law. The Illinois appellate court observed:

"The Probate Act . . . requires the administrator or executor to inventory the real or personal estate of the decedent. This policy was neither. It provided no funds for distribution to heirs or legatees. It provided no funds for the payment of claims of general creditors of the estate. It was, in the language of the plaintiffs, a 'unique' asset. Insofar as it provided for indemnification from harm for judgments obtained, it protected the assets of the decedent. Within its limits and insuring clause it provided a potential fund for the satisfaction of any judgment obtained by a claimant asserting a timely claim under the general statute of limitations. It was, at best, an inchoate asset of the estate of no intrinsic value which would make it subject to administration or distribution as an 'asset' by the decedent's personal representative." 92 Ill. App. 2d at 306-07.

Thus, the nonclaim statute does not bar a cause of action against a decedent's estate commenced within the applicable statute of limitations when the ultimate object of the suit is not estate assets,

which would otherwise be available for distribution to heirs or legatees, but rather the assets of the decedent's liability insurance carrier.

But what about the injunction issued by the federal district court? The Estate argues that the federal court's order bars Kannaday from prosecuting any proceeding in any state or federal court affecting the property involved in the interpleader action.

The memorandum and order of the federal district court makes clear the extent of the injunction's reach. The court noted Kannaday's objection to the granting of an injunction because of the prospect of the injunction interfering with her claim of bad faith against GEICO. The federal district court stated:

"Kannaday appears to misinterpret the scope of the relief sought and that contemplated by the interpleader statutes. Nothing in the relief sought would create some sort of blanket immunity to a separate action against the plaintiff [GEICO] for alleged bad faith. Instead, plaintiff's motion explicitly seeks only to resolve the competing claims against specific property in question, here the proceeds of the policy itself.

. . . .

". . . The court's order does not prevent Kannaday from bringing a separate claim which is not tied to these specific funds."

Thus, the federal court's injunction reaches only those policy proceeds on deposit with the court, not any possible future claim against GEICO for bad faith failure to settle Kannaday's claim.

To recap, the Estate claimed it was entitled to judgment as a matter of law because Kannaday's claim was against the insurance proceeds that were the subject of the interpleader action and the federal district court's injunction in that action bars her claim. Further, the Estate argues that Kannaday's claim is barred by her failure to comply with the nonclaim statute. As demonstrated above, neither of these claims withstands scrutiny. The district court did not err in refusing to grant the Estate summary judgment on Kannaday's claim.

*The Ex Parte Trial on Damages*

The Estate argues that the judgment entered following the ex parte trial on damages should be reversed because it was the prod-

uct of an invalid settlement agreement, and the case should be remanded for a new trial.

The Estate makes several arguments to support its claim of invalidity. Because we find the first of these arguments persuasive, we need not address the remaining claims.

The Estate argues that the agreement is invalid because it was not supported by consideration. Specifically, the Estate argues that Kannaday's promise not to collect any judgment against the Estate was worthless because she was already barred from proceeding against the Estate's assets by the nonclaim statute.

Kannaday argues that the Estate failed to present this contention to the district court, so it has not been properly preserved for appeal. It is true that the Estate failed to present this argument to the district court. However, this is because the trial proceedings pursuant to the settlement agreement were ex parte and without notice to the Estate. Thus, it had no opportunity to object. Further, it is well established that "[a] void judgment may be attacked at any time by any person affected by it." *Medina v. American Family Mut. Ins. Co.*, 29 Kan. App. 2d 805, 809, 32 P.3d 205 (2001), *rev. denied* 273 Kan. 1036 (2002); see *Waterview Resolution Corp. v. Allen*, 274 Kan. 1016, 1024, 58 P.3d 1284 (2002). Finally, because the Estate's argument presents a purely legal question, we are in as good a position as the district court would have been to review the Estate's challenge. See *Conner v. Occidental Fire & Cas. Co.*, 281 Kan. 875, 881, 135 P.3d 1230 (2006); *Smith v. Yell Bell Taxi, Inc.*, 276 Kan. 305, 311, 75 P.3d 1222 (2003). For these reasons we will consider the Estate's argument regarding the lack of consideration.

It is worth noting that the transaction here was not a unilateral assignment of Hoyt's rights under the policy. Here we are dealing with a bilateral contract with purported undertakings on each side. All contracts must be supported by adequate consideration. See *Mitchell v. Miller*, 27 Kan. App. 2d 666, 672, 8 P.3d 26 (2000). Consideration may be any legal benefit or detriment. However, forbearing to prosecute an unenforceable claim is no consideration at all. *State ex rel. Ludwick v. Bryant*, 237 Kan. 47, 52, 697 P.2d

858 (1985); see *In re Estate of Shirk*, 186 Kan. 311, 321, 350 P.2d 1 (1960).

Pursuant to the settlement agreement Kannaday received benefits from the Estate, including the ex parte consent judgment and the assignment of potential claims against GEICO. However, Kannaday's only undertaking in return was that the consent judgment would not be a lien on the Estate's assets and that she would not seek to execute on her anticipated judgment against the Estate's assets. Further, the agreement provided that the judgment would not be a personal judgment against Ball, the special administrator, and Kannaday would file a satisfaction of the judgment once the bad faith claim against GEICO was concluded.

In support of the district court denying summary judgment to the Estate, discussed earlier, Kannaday argued: "The plaintiff, admittedly, cannot collect plaintiff's judgment from 'estate assets.'" That correct statement of Kannaday's rights leads to the conclusion that in this settlement agreement, Kannaday gave up nothing she had with respect to the Estate and the Estate gained nothing in return. Notwithstanding the settlement agreement, Kannaday could not execute on Estate assets because of the bar of the nonclaim statute, K.S.A. 59-2239. Further, special administrator Ball was not personally liable for any of Hoyt's debts in any event. See *Stratton v. McCandless*, 27 Kan. 296, 301 (1882). Finally, the Estate gained nothing (and Kannaday gave up nothing) by permitting Kannaday to prosecute her bad faith claim against GEICO after entry of the proposed consent judgment.

Kannaday argues that the consideration for the contract was the avoidance of "a protracted, arduous, and highly contentious trial." The party that would undergo such a trial would be the Estate. Hoyt is now deceased. We fail to see how a trial would create a hardship for the Estate. Finally, foregoing a trial was certainly no disadvantage to Kannady: she obtained a judgment of over $7 million without subjecting her testimony to the rigors of trial and without the court's consideration of the possible fault of others besides Hoyt.

The district court proceeded with its ex parte trial based upon the parties having entered into a valid settlement agreement. We

conclude that the settlement agreement was invalid because it was not supported by consideration of any kind. Thus, we must set aside the district court's March 18, 2009, judgment and remand the case for a new trial.

Affirmed in part, reversed in part, and remanded for a new trial.