No. 45,803

Betty Boyce, *Appellant,* v. Ernest M. Boyce, *defendant,* The Denison State Bank, Holton, Kansas, garnishee, *Appellee.*

(476 P. 2d 625)

Opinion filed November 7, 1970.

*F. G. Manzanares,* of Topeka, argued the cause and was on the brief for appellant.

*Marlin A. White,* of Holton, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

Fromme, J.: The plaintiff Betty Boyce appeals from an order and judgment of the district court in favor of the garnishee-bank.

The facts underlying the order and judgment follow.

In 1960 plaintiff obtained a divorce from the defendant, Ernest M. Boyce. The defendant was ordered to make weekly payments for the support of minor children. During the eight years which followed the defendant failed to make many of these payments and they became judgments against him. As an aid to the enforcement of these judgments an order of garnishment was directed to The Denison State Bank of Holton, Kansas, and served on February 20, 1969. The order required the bank as garnishee to answer within

twenty (20) days setting forth the extent of its indebtedess to the defendant. The garnishee-bank failed to answer within the time limited. The plaitiff then filed a motion for judgment in the amount of $17,575.07 against the bank. This was the sum alleged to be due plaintiff from the defendant Boyce. Notice of this motion was served on David Coleman, president of the bank, on March 21, 1969. This same day the bank responded by filing a motion for permission to answer out of time. In its motion the bank alleged certain facts to excuse its neglect to answer.

A hearing·was held on both the motion for judgment and the motion for permission to file answer. Evidence was introduced by both parties and the court below concluded the failure of the garnishee to answer was the result of excusable neglect as that term is used in K. S. A. 60-206 (b). An answer was filed by the bank with permission of the court.

The court found that the account of defenant Boyce was overdrawn by $8.80 when the garnishment order was served. The bank had no funds or property belonging to the defendant. The court concluded that plaintiff was not entitled to judgment against the garnishee-bank.

This appeal followed.

The trial court in written findings set forth the facts surrounding the bank's failure to answer within the prescribed statutory time. The pertinent findings and conclusion are:

"2. Two days before service of the garnishment summons David A. Coleman, president of the garnishee bank, left unexpectedly for the Mayo Clinic in Rochester, Minnesota, in order to obtain medical treatment and was absent from said garnishee bank twelve or thirteen days.

"3. The established procedure at garnishee bank was for garnishment summons as well as other judicial process to be handled personally by Mr. Coleman.,

"4. Sheldon Hochuli, assistant vice-president of the garnishee bank, handled the garnishment summons in the instant case when it was served due to the absence of Mr. Coleman. Mr. Hochuli placed a stop order on the account of defendant, Ernest M. Boyce, which was overdrawn by $8.80 at the time the garnishment summons was served.

"5. Mr. Hochuli intended to give the garnishment summons to Mr. Coleman upon his return, but said summons was inadvertently filed in the vault of said garnishee bank and was therefore overlooked by said garnishee at the time of Mr. Coleman's return.

"6. The failure of the garnishee to answer was the result of excusable neglect as provided by K. S. A. 60-206 (b)."

The plaintiff does not question the sufficiency of the evidence to

support the findings numbered 2, 3, 4 and 5. She does earnestly question the sufficiency of those findings to support the necessary conclusion in number 6.

K. S. A. 60-206 (*b*) provides:

"*Enlargement.* When by this chapter or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the judge for cause shown may at any time in his discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under sections 60-250 (*b*), 60-252 (*b*), 60-259 (*b*), (*d*) and (*e*) and 60-260 (*b*) except to the extent and under the conditions stated in them."

The statutes above, in which time for taking action may not be enlarged, refer to periods of time for doing certain acts after a jury has been discharged, after findings of fact have been made or after entry of a judgment. None refer to an enlargement of time to answer a garnishment order.

In the case before us the twenty (20) day period to answer had expired. Therefore under the enlargement statute the facts shown must be sufficient to support the trial court's conclusion of excusable neglect if we are to uphold the order granting permission to file the garnishee's answer.

We find no Kansas cases which discuss the term "excusable neglect" as used in this statute. Cases from other jurisdictions are cited by plaintiff. Those cases deal with differing factual situations none of which are persuasive here. The definition of the term "excusable neglect" contained in those cases is not particularly helpful. Defining excusable neglect in terms of a reasonably prudent man raises the additional question of further evaluating the actions of a reasonably prudent man.

The obvious purpose of the enlargement of time statute is to allow a trial court some discretion in order to prevent a miscarriage of justice which might occur if blind adherence to set time periods were otherwise required. (See Fowks, Harvey & Thomas, Vernon's Kansas Statutes Annotated § 206.3; *Anderson v. Brady,* E. D. Ky. 1941, 1 F. R. D. 589, 591.)

Excusable neglect as used in K. S. A. 60-206 (*b*) is not susceptible of clear definition. What constitutes excusable neglect under the statute must be determined by the trial court on a case by case

basis under the facts presented in support of and in opposition to the enlargement of time. The trial court should consider the circumstances under which the neglect to act occurred as well as the effect of an enlargement upon the rights of all parties affected thereby.

When a party in default seeks an enlargement of time based upon excusable neglect under K. S. A. 60-206 (b), his request should be supported by evidence of his good faith, he should establish a reasonable excuse for his failure and he should show that the interests of justice can be served by granting the enlargement. After considering these matters the determination should rest in the sound judicial discretion of the trial court.

In light of what has been said let us examine the facts presented to the trial court on which its finding of excusable neglect rested.

The enlargement of time to answer was sought in garnishment proceedings. The garnishment was an aid to the enforcement of a judgment against the defendant, Ernest M. Boyce. The purpose of the proceeding was to reach money or credits belonging to the defendant in the possession or control of the garnishee-bank. When the bank was served with the garnishment order it had no monies or credits belonging to the defendant in its possession or control. When the neglect to answer was called to the bank's attention by the motion for judgment (as required by K. S. A. 1968 Supp. 60-718) it promptly responded. It filed motion for an enlargement and when permission was granted by the court immediately filed its answer.

The bank appears to have acted in good faith. The excuse for its failure to act within time appears reasonable. The interests of justice were served by granting the enlargement of time. Otherwise the neglect to file answer which extended for ten or eleven days would have resulted in a miscarriage of justice. The failure would have shifted the burden of a $17,575.07 judgment from the defendant to the garnishee-bank.

Considering the circumstances under which the neglect to act occurred and the effect of an enlargement upon the rights of all parties, the trial court properly held the bank's failure to act was the result of excusable neglect.

The appellant further contends that under the garnishment statute a trial court has no discretion in this matter and should never be permitted to enlarge the time to file the answer of a garnishee in

default. She contends there is no provision in the garnishment statute permitting such enlargement and when the garnishee fails to file answer within twenty (20) days the court is required to enter judgment in favor of plaintiff and against the garnishee.

We cannot agree.

The pertinent provisions of K. S. A. 1968 Supp. (now 1969 Supp.) 60-718 read:

"Within twenty (20) days after service upon him of the order of garnishment the garnishee shall file his verified answer thereto with the clerk of the court stating the facts with respect to the demands of the order. . . . If the garnishee fails to answer within the time and manner herein specified, the court may grant judgment against garnishee for the amount of the plaintiff's judgment or claim against the defendant, but if the claim of the plaintiff has not been reduced to judgment, the liability of the garnishee shall be limited to the judgment ultimately rendered against the defendant: *Provided, however,* Said judgments may be taken only upon written motion and notice given in accordance with K. S. A. 60-206. . . ."

Under the proviso, which was added to the statute in 1967, if the garnishee fails to answer judgment may be taken only upon written motion and notice. K. S. A. 60-206 (*d*) requires a five day notice of the motion before a hearing. This requirement would serve no useful purpose if the appellant's contention were sound. The statute on attachment and garnishment is a part of the code of civil procedure and procedures such as that mentioned in K. S. A. 60-206 (*d*) generally apply.

As previously pointed out K. S. A. 60-206 (*b*) specifically enumerates certain instances when enlargement may *not* be granted. The statute which sets the time for a garnishee to answer is not one of those enumerated. The failure to include the statute with the others would be some indication that enlargement of time was proper under the guidelines in K. S. A. 60-206 (*b*). We hold the provisions for enlargement of time in K. S. A. 60-206 (*b*) apply to the period of time for filing garnishee's answer as set in K. S. A. 1968 Supp. (now 1969 Supp.) 60-718.

What has been said disposes of this appeal. The other findings of the trial court with which appellant quarrels are not necessary to the trial court's decision and in view of the present holding need not be discussed.

The judgment is affirmed.

KAUL, J., not participating.