NOT DESIGNATED FOR PUBLICATION

No. 114,968

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ERNEST G. MARTINEZ,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE
DIVISION OF MOTOR VEHICLES,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed November 4, 2016. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*John D. Shultz*, of Legal Services, Kansas Department of Revenue, for appellee.

Before MCANANY, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*:  On August 29, 2014, Ernest Martinez was served with a notice of suspension of his driver's license. A hearing was held and the administrative hearing officer upheld the suspension. An order was sent to Martinez on December 19, 2014. On February 24, 2015, Martinez filed a petition for review, which was well past the 14-day deadline. The Kansas Department of Revenue (KDOR) filed a motion to dismiss on March 20, 2015, because the petition was not timely. The court heard arguments on the motion on August 7, 2015, and dismissed Martinez's petition. The court found that Martinez had no evidence to show he had not received his copy of the order and no evidence explaining why he had not timely filed his petition and, therefore, did not prove

1

excusable neglect. Martinez then filed a motion to reconsider which was also denied. Martinez appeals. We affirm.

On August 29, 2014, Martinez was served with a notice of suspension of his driver's license. On September 17, 2014, the administrative hearing department for driver's license appeals sent a letter to Martinez to let him know they had received his request for a hearing. A notice of the hearing regarding his suspension for refusal to take a chemical analysis test was sent to Martinez on September 23, 2014. The hearing was held on November 6, 2014, and the KDOR sent out its order affirming the suspension of Martinez' driving privileges on December 19, 2014.

On January 15, 2015, Martinez' attorney was informed of the existence of the order affirming the suspension of Martinez' driving privileges. The KDOR sent Martinez a license suspension and restriction notice on January 27, 2015, because Martinez did not timely appeal the order. Martinez filed a petition for review of the administrative action suspending his driving privileges on February 24, 2014.

The KDOR filed a motion to dismiss on March 20, 2015, because Martinez' petition was not timely filed. To be timely, the petition had to have been filed no later than January 8, 2015. It was filed on February 24, 2015. On August 7, 2015, the district court heard arguments on the motion to dismiss. On August 12, 2015, the court sent out its order, denying Martinez' petition for review. It stated there was no evidence that Martinez had not received his copy of the order and no evidence explaining why he had not timely filed his petition. Because Martinez failed to satisfy his burden to show excusable neglect, the KDOR's motion to dismiss was granted. No transcript was requested by Martinez of this hearing. In fact, Martinez incorrectly states that there was no hearing at the district court level. However, the district court's order from the hearing conducted on August 7, 2015, proves otherwise.

2

On August 21, 2015, Martinez filed a motion to reconsider with the district court. On August 27, 2015, Martinez appealed to this court. The district court denied Martinez's motion to reconsider on September 9, 2015, which stated that Martinez claimed the court had erred in the exclusion of evidence at the hearing on the motion to dismiss. However, he had not offered or proffered any evidence at the August 7 hearing.

On October 7, 2015, the KDOR filed a motion to dismiss the appeal to this court because Martinez had failed to file his docketing statement within the 21-day period. On October 13, 2015, Martinez' appeal was dismissed for failure to docket the appeal as required by the Supreme Court Rule 2.041 (2015 Kan. Ct. R. Annot. 17). On January 8, 2016, leave was granted to Martinez to docket his appeal instanter.

If a party is claiming excusable neglect when requesting an extension of the deadline to file an appeal, the standard of review of the district court's decision is abuse of discretion. See *Bank of Whitewater v. Decker Investments, Inc.*, 238 Kan. 308, 315, 710 P.2d 1258 (1985). An abuse of discretion occurs if discretion is guided by an erroneous legal conclusion or fails to consider proper statutory limitations or legal standards. *Matson v. Kansas Dept. of Corrections*, 301 Kan. 654, 656, 346 P.3d 327 (2015). The burden to show excusable neglect is on the party seeking the extension of time and is determined on a case-by-case basis. *Jenkins v. Arnold*, 223 Kan. 298, 299, 573 P.2d 1013 (1978).

The State correctly asserts that the controlling statutes are K.S.A. 2015 Supp. 8-1020(p) and (u). K.S.A. 2015 Supp. 8-1020(p) states: "Such review shall be in accordance with this section and the Kansas judicial review act. To the extent that this section and any other provision of law conflicts, this section shall prevail. The petition for review shall be filed within 14 days of the effective order." K.S.A. 2015 Supp. 8-1020(u) states that all notices of a hearing held under this section shall be sent by first class mail

3

and a certificate of mailing shall be obtained. Further, all notices that are mailed under this section are deemed received 3 days after mailing. K.S.A. 2015 Supp. 8-1020(u).

However, under K.S.A. 2015 Supp. 60-206(b), time may be extended. The statute states: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." When a party in default seeks a time extension based on excusable neglect, the request should be supported by "evidence of his good faith, he should establish a reasonable excuse for his failure and he should show that the interests of justice can be served by granting the enlargement." *Boyce v. Boyce*, 206 Kan. 53, 56, 476 P.2d 625 (1970). After these matters are considered, the determination of whether excusable neglect existed rests with the judicial discretion of the trial court. 206 Kan. at 56.

The district court issued an order on August 12, 2015, stating that at the hearing, Martinez had failed to provide evidence that he had not received his copy of the order and no evidence as to why his petition was not timely filed. Therefore, the court found Martinez had failed to satisfy his burden to show excusable neglect. Martinez did not provide a transcript in this case. Under Supreme Court Rule 3.03(a) (2015 Kan. Ct. R. Annot. 23), it is the appellant's duty to request the transcript in the record on appeal. The appellate court must presume the district court's findings were properly supported if no adequate record was submitted upon appeal per Rule 3.03. See *State v. Ussery*, 34 Kan. App. 2d 250, 254, 116 P.3d 735 (2005). Therefore, because Martinez failed to provide the transcript from the August 7, 2015, hearing, looking under an abuse of discretion standard, the district court was correct in its finding that Martinez did not show excusable neglect, and we affirm the decision.

Martinez then requests that we apply *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), to the facts of this case. The *Ortiz* court stated there is an exception to an out of

4

time appeal if "a defendant either was not informed of his or her rights to appeal or was not furnished an attorney to exercise those rights or was furnished an attorney for that purpose who failed to perfect and complete an appeal." 230 Kan. at 736. *Ortiz* is a criminal standard and, while it has been extended to termination of parental rights cases, is intended to protect certain procedural and due process rights at trial and on appeal. *State v. Patton*, 287 Kan. 200, 217, 195 P.3d 753 (2008). The three circumstances outlined in *Ortiz* are narrow and "truly exceptional circumstances." *Patton*, 287 Kan. at 217. The general rule is that "timely filing of a notice of appeal is indispensable and jurisdictional." 287 Kan. at 217. Further, the *Patton* court stated that one who has been properly informed of his or her appellate rights cannot "let the matter rest" and avoid waiver. 287 Kan. at 218.

As the record indicates, a hearing order was sent to Martinez on December 19, 2014. This order informed Martinez that he had 14 days to file a petition for review with the district court. It was mailed to Martinez and his counsel. Martinez was informed of his right to appeal and had an attorney in the matter. *Ortiz* is a criminal standard and only applies in truly exceptional circumstances. None of the *Ortiz* exceptions apply to this case. See *Patton*, 287 Kan. at 217.

Affirmed.