NOT DESIGNATED FOR PUBLICATION

No. 120,222

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

AUTOMOTIVE CREDIT CORPORATION,
*Appellee*,

v.

GENNEFER MARIE WALLEY, a/k/a GENNEFER MARIE MUZZY,
*Defendant*,

and

HENDRICKSON CHIROPRACTIC & HEALTH CENTER, P.A.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; RHONDA K. MASON, judge. Opinion filed July 26, 2019. Affirmed.

*David R. Schapker*, of Evans & Mullinex, P.A., of Shawnee, for appellant.

*Mark C. Wilson*, of Wilson Law, LLC, of Lenexa, for appellee.

Before LEBEN, P.J., MALONE and GARDNER, JJ.

LEBEN, J.: Hendrickson Chiropractic & Health Center, P.A. (the Clinic), a chiropractic clinic in Harvey County, appeals from a default judgment entered against it. The district court entered the default after the Clinic was twice served with court papers garnishing the pay of one of its employees. When the Clinic failed to garnish the employee's wages or file a response to the garnishment, the court granted a default judgment.

The Clinic asked the district court to set aside that default judgment. And an owner of the practice, Dr. Todd Hendrickson, testified that he had never personally received the garnishment papers. But the district court found that Dr. Hendrickson had put the employee subject to the garnishment in charge of handling incoming mail and papers—and that Dr. Hendrickson still had not acted after the law firm representing the creditor had personally contacted him when the first set of garnishment papers went unacknowledged. On these facts, we find no abuse of discretion in the district court's denial of the Clinic's motion to set aside the default judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The garnishment papers were an attempt to collect a debt owed by Gennefer Muzzy, an employee of the Clinic, to Automotive Credit Corporation. Automotive Credit got a court judgment against Muzzy in Missouri in 2013.

In 2017, Automotive Credit filed that judgment in Kansas and had garnishment papers issued to the Clinic. A garnishment is a court order to gain control over funds or property of a debtor that's in the hands of a third party. When a litigant gets a money judgment against someone, that litigant, now a judgment creditor, may garnish property of the judgment debtor that is held by others, like money in a bank account or unpaid wages. The garnishment order here directed that the Clinic withhold a portion of Muzzy's wages.

When a garnishment is served, the third party is required to answer within 14 days stating what property, if any, it has belonging to the judgment debtor. See K.S.A. 2018 Supp. 60-736; K.S.A. 2018 Supp. 60-737. And that property generally must be held to pay toward the judgment debt. If the party against which the garnishment order is served (the garnishee) doesn't answer within 14 days, Kansas law provides that a judgment for

2

the full amount of the creditor's claim may be entered against the garnishee. See K.S.A. 60-741.

Automotive Credit sent the first garnishment order to the Clinic in December 2017. The garnishment order was served by a sheriff's deputy to someone at the Clinic (apparently Muzzy) on December 27. When no response was made to it—and no funds withheld—Julie Shelton, a legal assistant for the law firm representing Automotive Credit called and spoke to Dr. Hendrickson on April 10, 2018.

Shelton and Dr. Hendrickson had different recollections of their conversation. She said that she told him that a wage garnishment had been sent to his company, and that he said he wasn't aware of it and would call her back. She said he called back a few minutes later and said that Muzzy was having hard times. She said she told him three times that he had to file an answer to the garnishment, and that she would be sending new garnishment documents to him soon.

Dr. Hendrickson testified that he wasn't aware of a garnishment before Shelton's call and that he wasn't aware after the call that a new garnishment would be coming. He said that Shelton told him Muzzy needed to file for bankruptcy. He said he then discussed that with Muzzy, who said she was going to do that. Dr. Hendrickson said he thought the issue would be gone once she filed for bankruptcy.

Shelton said she didn't recall saying that Muzzy should file a bankruptcy case and that she doesn't give legal advice. After the call, Shelton prepared a new set of garnishment papers that she said she sent to Dr. Hendrickson on May 3 both by fax (with confirmation of receipt) and by UPS overnight delivery. Kansas law allows garnishments to be served by an overnight delivery service, K.S.A. 2018 Supp. 60-303(c)(1), and by fax transmittal. K.S.A. 2018 Supp. 60-303(f)(2). The UPS delivery receipt showed receipt by G. Muzzy; she presumably also got the fax transmittal.

The district court noted that Shelton and Dr. Hendrickson had different recollections of their conversation, but it found her testimony more credible and accepted it. Based on it, the court concluded that Dr. Hendrickson "was aware of the garnishment and failed to take reasonable steps to have a meaningful conversation with [Automotive Credit] or to file an Answer [to the garnishment]." The court also concluded that Muzzy had gotten the garnishment paperwork each time and had not shared it with Dr. Hendrickson.

When the Clinic didn't respond to the second garnishment, Automotive Credit moved the court on May 24 for a default judgment in the amount of Muzzy's total debt to Automotive Credit. That motion is not in the appellate record, but Shelton testified that a copy of it was mailed to the Clinic. The court set the motion for hearing on July 5, and Automotive Credit also sent a notice of that hearing to the Clinic. It still had not responded to the garnishment by July 5, so the district court granted default judgment under K.S.A. 60-741. The written journal entry granting default judgment was filed July 12.

In early August, the Clinic moved to set aside the default judgment. Another Kansas statute, K.S.A. 60-260, provides that a judgment may be set aside for mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief. K.S.A. 2018 Supp. 60-260(b)(1), (6). The district court heard testimony from Shelton and Dr. Hendrickson before denying the motion. As we indicated earlier, the court generally accepted Shelton's testimony. It concluded that because Dr. Hendrickson continued to leave Muzzy in charge of the incoming mail after knowing another garnishment was being sent, he hadn't shown excusable neglect for failing to respond to the second garnishment:

4

"While default judgments are not favored, the Court finds Ms. Shelton's recollection of the . . . telephone conversation to be more likely true than not. As a result, [the Clinic] was aware of the garnishment and failed to take reasonable steps to have a meaningful conversation with [Muzzy] or file an Answer after speaking with Ms. Shelton. Although Garnishee's time to respond to the garnishment . . . had long expired, [Automotive Credit] gave [the Clinic] a second opportunity to respond when the garnishment paperwork was resent . . . and [the Clinic] again failed to respond. . . . Furthermore, knowing that [Muzzy] likely withheld the [first] garnishment documents from [Dr. Hendrickson], [the Clinic] continues to employ [Muzzy] and continues to be susceptible to potential fraud by [her]. [The Clinic] took no precautions to protect itself. The Court therefore finds there was no mistake or excusable neglect by [the Clinic] and DENIES the Motion to Set Aside Default Judgment."

The Clinic has now appealed to this court.

ANALYSIS

On appeal, the Clinic argues that it showed excusable neglect and that the district court abused its discretion by denying the motion to set aside the default judgment. The motion filed in the district court hasn't been provided to us, so we will limit our consideration of potential grounds for setting aside the default judgment to the only one being argued on appeal, excusable neglect. By excusable neglect, we mean a legitimate or valid excuse for the failure to perform some required action at the proper time. See *Morton County Hospital v. Howell*, 51 Kan. App. 2d 1103, 1112-13, 361 P.3d 515 (2015); Black's Law Dictionary 1244 (11th ed. 2019).

Whether to set aside a default judgment based on excusable neglect is a discretionary judgment call for the district court. *Garcia v. Ball*, 303 Kan. 560, 565-66, 363 P.3d 399 (2015). So we set it aside only if the district court abused its discretion, meaning either that its decision was unreasonable or based on a factual or legal error. 303 Kan. at 566.

5

The Clinic emphasizes that default judgments are disfavored. As our Supreme Court has said, "The law disfavors default judgments, especially in matters involving large sums of money, and a court should resolve any doubt in favor of a motion to set aside a default judgment . . . ." *Garcia*, 303 Kan. 560, Syl. ¶ 3. But the district court recognized in its written opinion that "default judgments are not favored," and the Clinic does not suggest that the district court misunderstood the law.

What the Clinic does suggest on appeal is that the district court misunderstood the facts and misapplied the law to them. The Clinic argues that "[n]othing in the record indicated that the Garnishee had any knowledge of the first garnishment order," and that the second was almost certainly intercepted by Muzzy. The Clinic argues that it should have no liability because only Muzzy knew about the garnishments: "With the only tangible evidence showing that the Debtor was the one signing for her own garnishment packages, a reasonable person would conclude that the Debtor likely withheld all notices, pleadings and garnishment packets." With that understanding, it suggests that the district court's decision was unreasonable.

But the Clinic ignores the district court's factual findings and the evidence supporting them. The court believed Shelton's testimony. And Shelton testified that she told Dr. Hendrickson that he needed to file an answer to the garnishment or a judgment could be taken against his company:

"Q: Did you make it clear what the purpose of your call was?

"A: Yes, I told him that the garnishment had been served and answers were past due, and his office manager had promised those answers and we still hadn't received them, so I was following up before any further action was taken.

"Q: Did you discuss with him what further action would entail?

6

"A: Yeah. I remember reiterating three times, you have to, have to, have to file these garnishment answers. You have to start this garnishment. And I told him if he did not, then he risked a judgment against his company which he did not want.

"Q: And did Mr. Hendrickson reply in any way shape or form?

"A: I believe he acknowledged that, 'No, I don't want a judgment against my company.'"

That testimony supported the district court's conclusion that even after Dr. Hendrickson knew that the first garnishment had been sent but never seen by him—presumably because Muzzy withheld it from him—he continued to keep her on as the person who would receive any more garnishment papers. The district court found that wasn't a mistake or excusable neglect by Dr. Hendrickson.

We find nothing unreasonable about that conclusion. Dr. Hendrickson knew that a garnishment had been served and not responded to. He knew that a second garnishment was on the way. He knew that a judgment could be taken against the business if no answer was made. And he knew that the judgment debtor, Muzzy, had failed to tell him about the first garnishment and was the likely recipient for a second one. Yet the Clinic took no action to respond to the garnishment until after a default judgment was entered in July 2018, more than six months after an answer had been due on the first garnishment and two months after Shelton's phone call.

The Clinic makes two other legal arguments, but neither shows legal error by the district court.

First, the Clinic notes that the district court *may* set aside a default judgment when it finds (1) that the nondefaulting party won't be prejudiced, (2) the defaulting party has a

7

meritorious defense, and (3) the default wasn't the result of inexcusable neglect. See *Montez v. Tonkawa Village Apartments*, 215 Kan. 59, Syl. ¶ 5, 523 P.2d 351 (1974); *Akesogenx Corp. v. Zavala*, 55 Kan. App. 2d 22, 45, 407 P.3d 246 (2017). Even if those factors are all met, whether to set aside the default is still a discretionary call for the trial court.

But the Clinic doesn't show how these factors were met here. On the prejudice side, the attorney for the Clinic told the district court that Muzzy filed a Chapter 7 bankruptcy sometime in July 2018. That would leave Automotive Credit no way to proceed with a new garnishment—and the Clinic should have been garnishing Muzzy's pay starting that January. Even if the bankruptcy trustee set aside garnishments within 90 days of the bankruptcy as preferential transfers, see 11 U.S.C. § 547(b) (2016); *In re Morehead*, 249 F.3d 445 (6th Cir. 2001), Automotive Credit can't be put back in the position it would have been in had the Clinic garnished Muzzy's wages in January, February, and March. Similarly, until the bankruptcy filing, the Clinic had no meritorious defense to its duty to garnish Muzzy's wages. And the district court saw no showing of excusable neglect. The Clinic had the burden to show that the default judgment should be set aside. See *Akesogenx*, 55 Kan. App. 2d at 41. It did not do so.

Second, the Clinic cites *Boyce v. Boyce*, 206 Kan. 53, 57, 476 P.2d 625 (1970), in which our Supreme Court found no abuse of discretion when a district court set aside a default judgment. The *Boyce* case does have some similarity to our case; in *Boyce*, a garnishment was served on a small-town bank at a time when the bank president, who normally handled the garnishments, had left unexpectedly for medical treatment. Another bank employee put a hold order on the garnishee's account but forgot to tell the bank president about it when he returned. Because of that, the bank didn't file an answer to the garnishment in court. The district court in *Boyce* declined to enter a default judgment, concluding that the failure had resulted from excusable neglect, and the Kansas Supreme Court affirmed.

8

*Boyce* doesn't provide a reason to reverse the district court in our case. Here, Dr. Hendrickson didn't take action as soon as he learned of a problem. He learned in April that one garnishment had been sent and not responded to, but he took no action until after another garnishment had been sent, a court judgment had been entered against the Clinic, and a garnishment on *that* judgment had recovered funds from the Clinic. In *Boyce*, the bank responded as soon as it learned about its failure to answer. Also, the garnishee in *Boyce* had a negative bank balance when the garnishment hit, so there truly was no prejudice from any failure to correctly handle the garnishment paperwork.

After hearing the testimony of Dr. Hendrickson and Shelton, the district court found Shelton's testimony more credible. Based on that testimony, the district court acted within its discretion when it entered judgment against the Clinic.

We therefore affirm the district court's judgment.