NOT DESIGNATED FOR PUBLICATION

No. 127,418

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GWENDOLYN PRINCE,
*Appellant*,

v.

KANSAS EMPLOYMENT SECURITY BOARD OF REVIEW,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; THOMAS G. LUEDKE, judge. Submitted without oral argument. Opinion filed December 5, 2025. Affirmed.

*Gwendolyn Prince,* appellant pro se.

*Todd Thornburg,* special assistant attorney general, of Kansas Department of Labor, for appellee.

Before HURST, P.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: The Kansas Department of Labor awarded Gwendolyn Price unemployment benefits but later determined that she was ineligible to receive those benefits and thus must repay them. The Agency mailed a Notice of Determination to Prince's last known address notifying her of this decision and explaining her right to appeal. Prince failed to timely appeal the Determination. As a result, the Kansas Employment Security Board of Review found her appeal was untimely and not subject to excusable neglect, making the Determination final. Now, on appeal from the district court's order affirming the Board's decision, Prince argues the Board erroneously and unreasonably found that her delayed filing was not subject to excusable neglect. Prince

1

also contends the Board violated her due process rights through unfair notice and engaged in unlawful conduct by failing to properly include evidence in the record.

Prince's failure to become aware of the Determination resulted from her own ordinary neglect to which anyone is susceptible, making it inexcusable under the circumstances. Additionally, Prince fails to demonstrate error from the method or type of notice given or the evidence included in the record. Finding no error, the district court's decision is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

Prince filed an unemployment claim with the Kansas Department of Labor (KDOL) in March 2021, listing a post office box in Junction City, Kansas, as her mailing address. During that same month, Prince moved to her daughter's home in Louisiana. Prince did not update her address with the KDOL. Thereafter, Prince filed her weekly claims by telephone from March 2021 until August 2021. She received unemployment benefits from the KDOL for the weeks of April 3, 2021, through September 4, 2021.

On August 30, 2021, the KDOL mailed two forms to Prince's Junction City address of record: an "Able and Available Statement" (form KBEN 31) and a "Health Care Provider's Certification" (form KBEN 312). The forms provided due dates of September 6, 2021. On September 3, 2021, Prince called about the weekly claim she made on August 28, 2021. The comments on the call log indicate that Prince was advised to "send in id docs and return forms sent 8/27." The record shows Prince submitted two completed forms signed by Prince on September 20, 2021: form KBEN 31 and an "Availability Statement" (KBEN 32).

On October 14, 2021, a KDOL examiner mailed a Notice of Determination (Determination Notice) to Prince's Junction City, Kansas mailing address. The

2

Determination Notice stated that Prince was ineligible for unemployment benefits beginning March 28, 2021, based on her failure to provide the KDOL with the Health Care Provider's Certification (KBEN 312) and a determination that she was unavailable for work, which made her ineligible for benefits. According to the Determination Notice, the KDOL overpaid Prince for the weeks of April 3, 2021, through September 4, 2021, in the amount of $16,469.00. The Determination Notice stated that Prince was required to appeal in writing on or before the "final date"—16 days after the Determination Notice was mailed—or the Determination would become final.

About nine months later—on July 13, 2022—Prince sent an email to the KDOL requesting to appeal the Determination Notice, claiming she just recently received it and that she had received inaccurate information during her calls to the KDOL. Notably, a KDOL call log indicates a representative told Prince about the Determination Notice on November 1, 2021—shortly after the appeal deadline—when Prince called to complain that she had not received the August 28 or September 4 payments.

On November 4, 2022, the KDOL mailed a Notice of Telephone Hearing to Prince, stating that the Referee would hear her appeal on four issues:  1) Whether the Determination was final; 2) whether Prince was ineligible for benefits because she failed to provide required information; 3) whether Prince was able or available to work, and/or making a reasonable effort to find work; and 4) whether Prince was overpaid benefits.

*The Referee's Decision*

At the telephone hearing on November 29, 2022, the Referee considered the timeliness of Prince's appeal. Prince said she did not leave a forwarding order for her Kansas post office box because she usually checked it. However, Prince admitted she did not check her post office box from October 2021 through July 2022, which was when she received a notice from Louisiana that Kansas offset her unemployment. The Referee

3

verified that Prince had not updated her address during her weekly calls in 2021 and Prince explained that she "didn't see a need to update it because [she] wasn't receiving anything." Prince argued the KDOL had ample opportunity to advise her correctly during any one of the weekly phone calls she made.

On January 6, 2023, the Referee issued a decision finding the appeal was untimely and addressed the merits finding that the physician note Prince submitted did not include the accommodations under which Prince could work from March to September 2021:

- "A timely appeal was due by November 1, 2021, and the claimant's appeal was received on July 13, 2022, by email. The examiner's determination included language that a timely appeal was due withing [*sic*] sixteen days after it was mailed to the parties and that a late appeal would require the appealing party to establish excusable neglect for the late appeal."
- "The determination was mailed to the claimant at her PO box in Junction City, KS. In March of 2021, the claimant moved to her daughter's home in New Orleans, LA and she did not update her address with the department."
- "The claimant called the department on November 1, 2021, and she was told that the determination had been issued on October 13, 2021. The notes from the call do not reflect that she was reminded that she needed to appeal the determination. The claimant did not update her address at that time."
- "The claimant continued to file weekly claims thru September 4, 2021, without updating her address with the department. She called several times to file her weekly claims and she was not reminded to appeal this issue or provide [the certification]."

In sum, the Referee's decision concluded that because Prince failed to show her delay in appealing was the result of excusable neglect, the Determination was final. The Referee further explained that "Kansas courts have declined to create a rule for or definition of excusable neglect," and that an individual seeking relief must show they acted reasonably within the circumstances—that they were not responsible for the delay.

The Referee also considered the merits of Prince's appeal—confirming her ineligibility for benefits as explained—but that is not relevant to this court's decision:

- "The claimant provided form KBEN 31 . . . and form KBEN 32 . . ., indicating that she was unable to perform her current job due to a health condition from March 12, 2021, thru September 20, 2021. . . . The forms had been provided to her on August 30, 2021, with a response due on September 6, 2021. She provided them after she called the department and was reminded that they were required. The forms were also sent to her PO box in Junction City, KS that she was not monitoring at the time because she lived in Louisiana."
- "The Department also requested the claimant to submit a Health Care Provider's Certification by September 6, 2021, and the record does not reflect that she provided it. Her doctor signed for KBEN 312 on August 2, 2022, and the claimant provided it during the hearing. The form indicated that she was not able to work from March 12, 2021, thru September 4, 2021, without accommodations due to her severe abdominal pain. (Exhibit 1.) The form did not discuss what accommodations or restrictions would allow the claimant to work."
- "When the claimant called the department and learned that she needed to submit the other two forms, she was not told that she also needed to submit her Health Care Provider's Certification."

*Appeal to the Kansas Employment Security Board of Review*

Through counsel, Prince appealed the Referee's decision to the Kansas Employment Security Board of Review (Board), arguing that though she had moved and did not update her address with the KDOL, her actions were reasonable and her late appeal was due to excusable neglect. Prince also sent a pro se appeal to the Board, requesting it review all her calls to the KDOL because she was misled by the KDOL's representatives. Regarding excusable neglect, Prince stated:

5

"I am not responsible for the delay in my appeal. The P.O. Box in Junction City is not the reason my appeal was filed late. There is no proof that I received this Determination Letter. I was not given the information regarding the Determination Letter by Kansas Unemployment Office call center. Had I received this information I would have filed my appeal on time. Had I been given the correct information regarding the status of my claim and forms I needed to resolve this issue I would have printed them on website and submitted them."

The Board reviewed the record and issued a decision on February 28, 2023, concluding that Prince's appeal to the Referee was untimely under K.S.A. 44-709(b)(3), which provides that an appeal must be filed within 16 days after the mailing of an examiner's determination. The Board found that Prince failed to demonstrate excusable neglect to warrant enlargement of the time to file an appeal beyond the 16 days provided in the statute. As a result, the Board ordered that "the examiner's determination mailed to interested parties is final by operation of law and may not be disturbed."

*Judicial Review*

On March 16, 2023, Prince filed a pro se petition for judicial review under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq., in the Shawnee County District Court. In a motion filed by counsel on April 4, 2023, Prince moved to supplement her petition for review and clarified her claims under the KJRA: (1) The Referee's and the Board's decisions were based on a determination of fact not supported by substantial evidence in light of the record as a whole; (2) the decisions were unreasonable, arbitrary, or capricious; and (3) the decisions violated equitable principles by failing to account for the erroneous, misleading, and incomplete information and assistance provided to Prince by the KDOL. The court granted Prince's motion to supplement her petition.

6

Prince then filed a motion requesting that the records of all phone calls between herself and the KDOL from August 2021 through July 2022 be added to the record on appeal. The district court partially granted Prince's motion, directing the KDOL to produce call records from August 28, 2021, through November 11, 2021, which the court found were examined by the Referee but not included in the KDOL record.

On January 17, 2024, the district court issued an order affirming the Board's decision. Specifically, the court found that substantial evidence supported the Referee's determination of the absence of excusable neglect and that the Board's determination that excusable neglect did not justify Prince's late filing was reasonable and supported by the evidence in the record. The court rejected Prince's argument that the KDOL's failure to advise her of her appeal rights over the phone was unjust. The court ruled the KDOL provided fair notice of the Determination Notice by mailing it to her address of record and that Prince's failure to monitor her mailbox was "at her own peril." The court found that Prince's repeated phone calls provided little support for any excusable neglect and noted that Prince became aware of the Determination Notice on November 1, 2021, opining that had Prince "expeditiously sought some resolution or explanation after being notified of the denial of her benefits, her position might have more merit." The court also noted the Referee's determination that Prince was ineligible for benefits despite her untimely appeal.

Prince now appeals the district court's order.

DISCUSSION

Prince appeals from the district court's decision by asserting the following issues:

- The Referee and Board erroneously and unreasonably found that Prince lacked excusable neglect for her untimely appeal of the Determination Notice.

7

- The Board acted unconstitutionally by failing to provide Prince fair notice of the appeal deadline and depriving her of an opportunity to be heard on the merits.
- The Referee and Board engaged in unlawful and unconstitutional procedure by improperly excluding or omitting evidence from the record depriving Prince a fair hearing.

Disputes relating to the award or denial of unemployment compensation are subject to appellate review by this court under the KJRA. K.S.A. 44-709(i). The KJRA permits judicial relief only for certain statutorily enumerated reasons. K.S.A. 77-621(c). In her appeal, Prince focuses on four subsections, as follows:

"(4) the agency has erroneously interpreted or applied the law;

"(5) the agency has engaged in an unlawful procedure or has failed to follow prescribed procedure;

. . . .

"(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported to the appropriate standard of proof by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act; or

"(8) the agency action is otherwise unreasonable, arbitrary or capricious." K.S.A. 77-621(c).

Prince incorrectly cites to K.S.A. 77-621(c)(1) regarding her constitutional claims. The correct subsection for unconstitutional procedure is K.S.A. 77-621(c)(5). As the party challenging the validity of the KDOL action, Prince bears the burden of showing the action was invalid. K.S.A. 77-621(a)(1).

"Judicial review of an agency's interpretation and application of the law is permitted under K.S.A. 77-621(c)(4) and is unlimited without deference to the agency's view." *Hanson v. Kansas Corp. Comm'n*, 313 Kan. 752, 762, 490 P.3d 1216 (2021). Similarly, on issues alleging the Board failed to follow prescribed procedures to entitle relief under K.S.A. 77-621(c)(5), appellate review is "unlimited because those questions necessarily involve interpretation of relevant statutory or regulatory procedures." *In re Tax Appeal of River Rock Energy Co.*, 313 Kan. 936, 945, 492 P.3d 1157 (2021).

K.S.A. 77-621(c)(7) requires review of factual determinations for evidence "that is substantial when viewed in light of the record as a whole." "'Substantial evidence "is evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved."'" *Bd. of Cherokee County Comm'rs v. Kansas Racing & Gaming Comm'n*, 306 Kan. 298, 326, 393 P.3d 601 (2017) (quoting *Cresto v. Cresto*, 302 Kan. 820, 835, 358 P.3d 831 [2015]). When conducting the factual analysis, K.S.A. 77-621(d) "requires a reviewing court to assess the evidence both supporting and contradicting the agency's findings, examine the agency's credibility determinations, and review the agency's explanation as to why the evidence sustains its findings." *Hanson*, 313 Kan. at 763. An appellate court will not, however, reweigh evidence or engage in de novo review. K.S.A. 77-621(d).

Finally, appellate review under K.S.A. 77-621(c)(8) "'determines the reasonableness of the agency's exercise of discretion in reaching its decision based upon the agency's factual findings and the applicable law.'" *Via Christi Hospitals Wichita v. Kan-Pak*, 310 Kan. 883, 891, 451 P.3d 459 (2019) (quoting *Wheatland Electric Cooperative v. Polansky*, 46 Kan. App. 2d 746, 757, 265 P.3d 1194 [2011]).

Before addressing Prince's claims, this court must consider the Board's contention that this matter should be dismissed for Prince's failure to properly cite to supporting authority and the record in compliance with Kansas Supreme Court Rule 6.02(a)(5) (2025

9

Kan. S. Ct. R. at 36). The Board essentially argues that Prince has failed to make clear, supported arguments identifying and analyzing errors made *by the district court* rather than by the Board or Referee.

Prince's arguments in her opening brief can be summarized as six claims of error—two by the district court and four by the Board. While Rule 6.02(a)(5) requires that claims be "separated by issue if there is more than one" and Prince's briefs lack some clarity and precision related to her arguments concerning the Referee, the Board, and the district court, her lack of organization does not prevent her appeal. Her claims related to the district court's error are included, albeit disjointed.

However, Prince's contention that "[t]here is no proof in the Agency Record that Petitioner received the Determination Letter by U.S. Mail" appears to be raised for the first time in her reply brief, with no citation to authority or evidence. It also contradicts the claims she made throughout the hearing with the Referee. Generally, issues and arguments are deemed to be waived or abandoned if not adequately briefed on appeal. Likewise, a point raised incidentally in a brief is deemed to be waived or abandoned. *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017). Therefore, this claim is abandoned.

> I. *The Board did not erroneously interpret or apply the law, and its decision is reasonable and supported by the record.*

Prince's first claim is that the district court erred in upholding the Board's decision that found Prince lacked excusable neglect because the Board acted erroneously and unreasonably in making its finding. Essentially, Prince argues that the Board's decision was an error of law in violation of K.S.A. 77-621(c)(4), lacked factual support in violation of subsection (c)(7), or was otherwise unreasonable under K.S.A. 77-621(c)(8).

10

This court's first step is to determine the applicable legal standard and whether the Board erred in its interpretation. After a KDOL examiner issues a determination regarding an unemployment benefit claim, the claimant may appeal to a referee "within 16 calendar days after the mailing of notice to the last known addresses of the claimant and employing unit." K.S.A. 44-709(b)(3). Thereafter, the examiner's decision "shall be final unless the claimant . . . files an appeal from the decision . . . except that the time limit for the appeal may be waived or extended by the referee or board of review if a timely response was impossible due to excusable neglect." K.S.A. 44-709(b)(3). The question is whether the Board accurately interpreted excusable neglect.

The applicable statute does not define excusable neglect nor is there sufficient caselaw interpreting the phrase within the applicable statutory scheme. The Kansas Supreme Court has discussed the meaning of excusable neglect in the context of the permissible reasons a default judgment may be set aside and called it a "somewhat nebulous" phrase. *Tyler v. Cowen Construction, Inc.,* 216 Kan. 401, 406, 532 P.2d 1276 (1975). See *State v. Sheppard*, 56 Kan. App. 2d 1193, 1198, 444 P.3d 1006 (2019) (citing to *Tyler* to support its statement that while Kansas allows the use of excusable neglect in different statutes and regulations, there is no direct authority outlining "the prerequisites needed to establish the 'nebulous' term of excusable neglect"). The *Tyler* court went on to say that excusable neglect "touches an area in which there are few if any clear tangible signposts or guidelines." 216 Kan. at 406.

However, the available guidance provides that the "'court should consider the circumstances under which the neglect to act occurred as well as the effect of an enlargement upon the rights of all parties affected thereby.'" *Tyler*, 216 Kan. at 406 (quoting *Boyce v. Boyce*, 206 Kan. 53, 55-56, 476 P.2d 625 [1970]). Therefore, excusable neglect must be considered under the circumstances of each case. *Jenkins v. Arnold*, 223 Kan. 298, 299, 573 P.2d 1013 (1978). Finally, while lack of knowledge may constitute excusable neglect, such lack of knowledge cannot be the fault of the party seeking to

11

make a case for excusable neglect. See *Luckett v. Kansas Employment Security Bd. of Review*, 56 Kan. App. 2d 1211, 1219, 445 P.3d 753 (2019) (citing *Slayden v. Sixta*, 250 Kan. 23, 28-29, 825 P.2d 119 [1992]). To provide otherwise would permit the exception to overwhelm the rule, essentially removing the deadline for appeal.

While defining excusable neglect is difficult, it can be helpful to consider the types of actions that are not considered excusable neglect. That is, the typical or customary "'unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind'" are not excusable neglect. *Tyler*, 216 Kan. at 409 (citing *Montez v. Tonkawa Village Apartments*, 215 Kan. 59, 65, 523 P.2d 351 [1974]). Notably, the Referee's decision, which the Board upheld, and the Board's decision cited similar language in explaining what constitutes excusable neglect. See, e.g., *Boyce*, 206 Kan. at 55-56 (describing application of excusable neglect).

According to Prince, default judgments are disfavored, and the claimant should receive the benefit of any close calls or doubts. She relies on *Garcia v. Ball*, 303 Kan. 560, 568, 363 P.3d 399 (2015), where the court stated any doubts should be resolved in a manner such that cases may be decided on their merits. However, Prince provides no authority for that general principle's application here, particularly since a default judgment is not at issue in this case.

Finding no error in the Board's legal references, explanation, or citation, this court must next determine whether the Board correctly applied the law to the facts of this case. The facts are largely undisputed, although Prince claims the Board erred in failing to weigh the importance of some evidence. It is undisputed that Prince's appeal was untimely. Since the timeliness is undisputed, the real issue is whether Prince's reason for the untimely appeal constitutes excusable neglect.

The KDOL mailed Prince the Determination Notice at her address of record in Junction City, Kansas, on October 14, 2021. At the time, Prince was living out of state—which she had not told the KDOL—and did not check her Junction City post office box between about October 2021 and July 2022. According to Prince, she was not concerned about checking the Junction City mail during that time because the KDOL had not told her anything was or would be mailed requiring her attention. Prince responded to the correspondence in August and September 2021 and provided the KBEN 31 and KBEN 32 forms; she argues that she would have provided the needed KBEN 312 form had she been informed of its requirement. Prince's factual allegation seems supported by the record before the district court, which showed calls from Prince to the KDOL on September 3, September 10, September 28, October 6, October 8, and October 14, about her benefits. The log does not show the KDOL notified Prince about the needed KBEN 312 form. However, the KDOL mailed Prince the KBEN 312 form in August, and she does not claim she never received the form. Further, there is also a call log from November 1 in which it appears that the KDOL representative told Prince of the Determination Notice.

The district court opined that had Prince swiftly appealed after learning of the Determination Notice during the November 1 call, she would have had a better case for excusable neglect than the timeline presented here. That is undoubtedly true. Even taking Prince's arguments as true that she was unaware of the missing KBEN 312 form until the Determination Notice, she provides no excuse for the nine-month delay in her appeal. The fact that she quickly appealed the November Determination Notice after its alleged discovery from her post office box in July is no excuse for failing to discover the Determination Notice for such an extended time. While it may be expected that people do not check their mail on a daily basis, particularly when the mailbox is located at a central location in the neighborhood or apartment complex or at a post office, it is unreasonable under normal circumstances for a person to wait nine months, particularly when the person is actively receiving benefits from the State. Further, Prince should have updated

13

her mailing address with the KDOL—if she had done so, this entire situation may have been avoided.

Prince argues that the Board's narrow definition of "excusable neglect" caused it to disregard "the reasonable, good faith attempts [she] made to get her unemployment status straight with KDOL" and that they failed to give "any weight to the acknowledged fact that a KDOL employee told [her] on November 1, 2021, that the examiner had issued a determination [but] failed to inform [her] that she needed to appeal the determination." This court disagrees. Even considering Prince's reasons for her untimely appeal, they do not rise to excusable neglect.

Prince's failure to notify the KDOL of her updated mailing address or to submit a form to have her Junction City mail forwarded to her out-of-state residence was ordinary, typical neglect common to the plight of all humans. Prince cites nothing about her circumstances that contributed to that failure. Given the undisputed facts, this court finds no error in the Board's finding that Prince failed to demonstrate excusable neglect for her untimely filing. Put simply, the Board correctly applied the law, and its decision was supported by substantial evidence and was not otherwise arbitrary, capricious, or unreasonable. Therefore, the court did not err in affirming the Board's decision.

II.     *Prince failed to establish a due process violation.*

In the second issue on appeal, Prince contends the Board acted unconstitutionally in failing to provide her fair notice of her appeal deadline and depriving her of an opportunity to be heard on the merits. In her reply brief, Prince argues that by simply dropping the Determination Notice in a mailbox without proof it was mailed and received "should not satisfy the requirement under K.S.A. 44-709(c)." As an initial matter, Prince erroneously asserts that notice of the examiner's determination should have complied with K.S.A. 44-709(c). That statute governs referee decisions, not examiner decisions.

14

See K.S.A. 44-709(c) (After a referee's decision, "[t]he parties shall be duly notified of the referee's decision," which shall be mailed "to the parties' last known addresses.") Even if it applied, the statute clearly contemplates notice by mail of the referee's decision.

Rather, Prince failed to timely appeal the examiner's decision and notice thereof, which is governed by statute that provides for "mailing of notice to the last known addresses of the claimant and employing unit." K.S.A. 44-709(b)(3). Thereafter, the claimant's "appeal must be filed within 16 calendar days after the mailing of notice." K.S.A. 44-709(b)(3). Despite the clear statutory authority permitting the KDOL to mail these notices, Prince argues that "basic fairness obligated KDOL's employee to either read to Petitioner the [portion] of the determination that conveys her appeal rights, or to email or fax a copy of the determination to Petitioner." Prince's concepts of fairness do not create a due process right.

A petitioner must base a due process claim on the denial of a specific procedural protection to which they were entitled. *Winston v. Kansas Dept. of SRS*, 274 Kan 396, 409, 49 P.3d 1274 (2002). Prince cites no denial of procedural protection to which she was entitled—she merely believes the KDOL could have or should have done more. While it appears much of this could have been prevented had any of the KDOL's representatives told Prince about the KBEN 312 form or the Determination Notice during Prince's weekly calls, that is not a procedural due process requirement for notice. Further, as noted, Prince could have updated her mailing address or checked her mail with more frequency, which also would have prevented this dilemma.

The fundamental requirements of "procedural due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *State v. Moody,* 282 Kan. 181, 188, 144 P.3d 612 (2006). The KDOL mailed the Determination Notice in compliance with K.S.A. 44-709(b)(3), and the Determination Notice outlined Prince's opportunity to appeal within 16 days. Prince's failure to check her mail from

15

October 2021 to July 2022 or to update her mailing address to ensure timely receipt of notice does not create a due process violation by the KDOL or the Board. In summary, the KDOL complied with the applicable statutory provisions for notice of the examiner's decision and Prince fails to assert a due process violation.

      III.    *Prince failed to show relevant information was missing from the record.*

Finally, Prince argues the Board erred by not including the log of all her phone calls in the KDOL record which would have permitted her "to show the inconsistent and misleading information conveyed regarding Petitioner's claim." Specifically, Prince claims the district court failed to include the most important call that would have supported her claim on the merits which was the "weekly certification call for the week ending in 8/28/21 in which a KDOL employee answered (No) to the question regarding her being able and available to work."

The evidence excluded from the KDOL record dates from August 2021—which was before the KDOL mailed the examiner's Determination Notice on October 14, 2021. Therefore, these calls would only be relevant to the merits of Prince's claim for benefits and not to her ability to demonstrate excusable neglect for her failure to timely appeal the Determination Notice. The issue on appeal is whether Prince established excusable neglect for her untimely appeal. Thus, evidence related to the merit of her appeal—i.e., her eligibility for benefits—is irrelevant. This court finds no error from the exclusion of evidence irrelevant to the gateway issue of whether Prince demonstrated excusable neglect for her untimely appeal. Those other call logs would only be relevant if that determination had been made in Prince's favor. Thus, there was no error in excluding this evidence from the KDOL record.

## CONCLUSION

Prince failed to establish any error warranting reversal of the district court's decision.

Affirmed.